

| | | |
|---|---|---|
| Andrice Willingham | ) | Docket No. 2015-07-0088 |
| | ) | |
| v. | ) | |
| | ) | State File No. 34568-2015 |
| Titlemax of Tennessee, Inc. | ) | |

**FILED**

**August 21, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:40 AM**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of August, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Andrice Willingham** | | | | | X | andricedawn@yahoo.com |
| **Gary Nichols** | | | | | X | gary.nichols@thehartford.com |
| **Allen Phillips, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**August 21, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:40 AM**

| | | |
|---|---|---|
| Andrice Willingham | ) | Docket No. 2015-07-0088 |
| | ) | |
| v. | ) | State File No. 34568-2015 |
| | ) | |
| Titlemax of Tennessee, Inc. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Remanded—Filed August 21, 2015

---

This interlocutory appeal involves an employee who fell and suffered an injury to her ankle while performing her job duties. The employer denied the claim based upon its belief that the injury was idiopathic in nature and thus not compensable. Following an expedited hearing, the trial court directed the employer to provide a panel of physicians and to pay the medical expenses incurred by the employee through the date of the court's decision. The trial court declined to order temporary disability benefits, ruling that the employee had not presented evidence to establish any period of disability related to the work injury. The employee has appealed the denial of temporary disability benefits. We affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Andrice Willingham, Jackson, Tennessee, employee-appellant, pro se

Gary Nichols, Atlanta, Georgia, for the employer-appellee, Titlemax of Tennessee, Inc.

1

**Factual and Procedural Background**

Andrice Willingham ("Employee"), a resident of Madison County, Tennessee, was employed by Titlemax of Tennessee, Inc. ("Employer"), as a store manager when she fell and injured her right ankle on April 6, 2015.[1] On that date, Employee was performing "field chases" when she left a delinquency notice at a customer's residence and was walking down the customer's driveway to return to her car.[2] She described the driveway as sloping downhill and being rocky and uneven. Employee testified that her footing was unstable and she fell, injuring her right ankle. She returned to the office and informed a manager that she would be unable to perform her scheduled field work as a result of having injured her ankle. The following day, Employee received a written warning for failure to perform her job duties. She reported the injury again at that time, but Employer took no action regarding the claim.

Employee sought medical treatment on her own at Regional Hospital of Jackson for a rash and right ankle pain on April 13, 2015. She did not report an acute event but, rather, gradual symptoms due to "walking requirement" of her job. She was referred to an internal medicine specialist for follow-up. On April 13 and 14, 2015, Employee emailed Employer's agents to inform them of her doctors' visits and to let them know that she would keep them informed regarding her injury and work status. She was terminated on April 14, 2015 for unsatisfactory job performance.

Employer denied Employee's claim for benefits and, following an expedited hearing, the trial court determined that Employee had presented sufficient evidence to establish that her fall and resulting ankle injury were not idiopathic in nature but were related to a hazard of her employment. It ordered Employer to provide a panel of physicians and to pay the medical expenses incurred by Employee for the treatment of her ankle injury through the date of the court's decision.[3] The trial court determined, however, that Employee had not submitted evidence that she was entitled to temporary disability benefits, noting that the medical records entered into evidence did not reflect that any physician had placed Employee on work restrictions or taken her off work.

---

[1] No transcript of the expedited hearing has been filed. Employee did file a statement of the evidence, which the trial court found was not a recitation of the evidence but, instead, was essentially a position statement. We agree. We also note, as the trial court did, that Employee's statement of the evidence does not comply with Section 3.4 of the Appeals Board's Practice and Procedure Guidelines, which permits the parties to file a joint statement of the evidence that must be approved by the trial judge. Thus, we have gleaned the factual background from the pleadings, exhibits introduced at the expedited hearing, and the trial court's order entered after the hearing.

[2] It appears that "field chase" refers to instances in which Employee was engaged in collections efforts and involved traveling to individuals' homes and/or businesses to attempt to recover payment.

[3] Employer has not appealed the trial court's finding that Employee's injury was not idiopathic and, therefore, we need not address that issue.

Employee has appealed that determination, and the record was submitted to the Appeals Board on August 19, 2015.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)  Violate constitutional or statutory provisions;

(B)  Exceed the statutory authority of the workers' compensation judge;

(C)  Do not comply with lawful procedure;

(D)  Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;

(E)  Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

### A.

Employee has chosen to proceed pro se throughout the proceedings in the trial court and on appeal, which is her right. It is well-settled, however, that unrepresented litigants must comply with the same standards to which represented parties must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As one court has observed,

> [p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

3

*Akard v. Akard*, No. E2013-00818-COA-R3-CV, 2014 Tenn. App. LEXIS 766, at *11 (Tenn. Ct. App. Nov. 25, 2014) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Accordingly, appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel. To do so would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage," as the court would essentially be acting as counsel for the unrepresented party. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

**B.**

With the foregoing principles in mind, we turn to the sufficiency of the record on appeal. Tennessee law is clear that the appealing party is responsible for ensuring that an adequate record is prepared on appeal. As explained by one court,

> [t]he appellant has the duty of preparing a record that conveys a fair, accurate and complete account of the proceedings in the trial court with respect to the issues on appeal. We are provided with only the trial court's findings of facts and conclusions of law rendered from the bench and the exhibits introduced at the trial of this cause, which include three doctor's depositions. We do not have a record of the lay testimony presented to the trial court. In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.

*Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451, at *6-7 (Tenn. Workers' Comp. Panel May 19, 2004) (citation omitted). *See also Jernigan v. Hunter*, No. M2013-01860-COA-R3-CV, 2014 Tenn. App. LEXIS 617, at *5 (Tenn. Ct. App. Sept. 30, 2014) ("It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what has transpired in the trial court with respect to the issues that form the basis of the appeal.").

Further, including a transcript or statement of the evidence as part of the record on appeal promotes meaningful appellate review and, in turn, public confidence in the integrity and fairness of the process. As one court has observed, "[f]ull appellate consideration of a trial court's determination . . . is part of the process designed to achieve an accurate and just decision . . . ." *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 Tenn. App. LEXIS 546, at *12 (Tenn. Ct. App. Aug. 16, 2000). Indeed, "[w]ithout a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Accordingly, "it is essential that the appellate

4

court be provided with a transcript of the trial proceedings or a statement of the evidence . . . ." *Id.* at 7.

After conducting a hearing at which Employee testified, the trial court determined that there was sufficient evidence to establish she would likely succeed on the merits of her claim regarding her request for medical benefits, but that she had not presented sufficient evidence to support her claim for temporary disability benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2014) ("[A] workers' compensation judge may . . . enter an interlocutory order upon determining that the injured employee would likely prevail at a hearing on the merits."). On appeal, Employee challenges the trial court's denial of temporary disability benefits, asserting that the evidence does not support the decision. However, we have been provided with no record of any testimony taken during the expedited hearing which, according to the trial court's order, was relied upon by the court to resolve the issues. And, as noted above, no valid statement of the evidence has been submitted. Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we presume that the trial court's ruling was supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

## C.

As noted above, Employee submitted a statement of the evidence that does not comport with Section 3.4 of the Appeals Board's Practice and Procedure Guidelines. Attached to that document were medical records, social security disability documents, and correspondence that were not introduced as evidence at the expedited hearing. "Evaluating a trial court's decision on appeal necessarily entails taking into account information the trial court had before it at the time the issues were decided by the court, as opposed to the potentially open-ended universe of information parties may seek to present on appeal following an adverse decision." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Accordingly, "we will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Id.*

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed. The case is remanded for

any further proceedings that may be necessary.

_Marshall L. Davidson, III_
**Marshall L. Davidson, III**
**Presiding Judge**
**Workers' Compensation Appeals Board**