IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2017

## CORNELL POE v. CITY OF JACKSON MAYOR JERRY GIST ET AL.

**Appeal from the Circuit Court for Madison County**
**No. C-16-282      Kyle C. Atkins, Judge**

_____

### No. W2017-00465-COA-R3-CV

_____

A passenger on a Jackson Transit Authority bus was arrested as a result of an altercation with the driver; the arrest led to the passenger's parole being revoked and his resulting incarceration. The passenger brought suit, asserting claims for slander and libel under the Tennessee Governmental Tort Liability Act and Tennessee Public Protection Act against the Transit Authority and certain of its employees, and the Mayor and various employees of the City of Jackson. The trial court granted summary judgment in favor of the defendants, and this appeal followed. Upon our review, we have determined that the complaint fails to allege causes of action under the Governmental Tort Liability Act and the Public Protection Act, and that the causes of action asserted against the individual defendants are barred by the statute of limitations. Accordingly, we affirm the judgment of the trial court dismissing the case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit   Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Cornell Poe, Whiteville, Tennessee, *Pro Se*.

Dale Conder, Jr., Jackson, Tennessee, for the appellees, City of Jackson Mayor, Jerry Gist; City of Jackson Personnel Director, Lynn B. Henning; Jackson Transit Authority General Manager, Travis Franklin; City Employee, Bus Driver, Lonell Theus, Jr.; City of Jackson Chief of Police, Julian Wiser; and Jackson Police Officer, Robert Beilke.

# MEMORANDUM OPINION[1]

This case arises from an incident that occurred on November 3, 2015, when Cornell Poe, while riding on a bus operated by the Jackson Transit Authority ("JTA"), was involved in an altercation with the driver of the bus, Lonell Theus, Jr. As a result of this incident, Mr. Poe was arrested; his parole was subsequently revoked, and he was incarcerated.

Mr. Poe brought suit on November 7, 2016, against Jerry Gist, Mayor of the City of Jackson; Lynn B. Henning, Personnel Director for the City of Jackson; Mr. Theus; Julian Wiser, Police Chief for the City of Jackson, and Robert Beilke, a police officer for the City of Jackson (collectively referred to as "the defendants"), asserting claims under the Tennessee Governmental Tort Liability Act ("GTLA"), Tennessee Code Annotated section 29-20-101, et seq., and the Tennessee Public Protection Act ("TPPA"), Tennessee Code Annotated section 50-1-304, for slander and libel. On November 27, he amended the complaint to add JTA General Manager, Travis Franklin, as a defendant.

In due course, the defendants filed a motion for summary judgment; they supported this motion with a statement of undisputed material facts, a memorandum of law, and two affidavits. As bases for summary judgment, the defendants asserted that the statute of limitations at Tennessee Code Annotated section 28-3-103 barred Mr. Poe's claim; that he failed to allege facts to state a claim under the TPPA; that the allegation in the complaint against Mr. Gist was untrue; that the complaint contained no factual allegations against Mr. Wiser and Ms. Henning; that JTA was immune from suit; and that the Parole Board's finding of probable cause to revoke his parole necessitated a finding that he was at fault in the altercation and barred his claim.

Defendants set forth the following undisputed material facts:

1. Mayor Gist is not Jackson Transit Authority's director.
2. Lonell Theus is not a City of Jackson employee.
3. Theus is a driver for JTA.
4. Lynn Henning was not present when the events alleged in the Amended Complaint or Complaint occurred.

---

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

5. Tennessee's Board of Parole revoked Cornell Poe's parole because [of] his assault of Lonell Theus.

6. Poe's arrest led to the revocation of his parole and his incarceration in the Hardeman County Correctional Facility.

In support of these facts and the motion, Defendants also filed affidavits of Gayle S. Barbee, Director of Operations for the Tennessee Board of Parole, in which she authenticated the Notice of Board Action revoking Mr. Poe's parole; and of Lynn Henning, who attested that Mayor Gist is not the Director and that she was not the personnel director of the JTA; that Lonell Theus Jr. was not an employee of the City of Jackson; and that she was not present at the time the events alleged in the Complaint occurred and knew nothing about the incident. Defendants also filed a memorandum in support of their motion.

In response to the motion and supporting materials, Mr. Poe filed documents styled "Plaintiff Reply To Defendants Memorandum In Support Of Summary Judgment Motion," a "Motion In Opposition Of Defendant's Statement Of Undisputed Material Facts," and "Plaintiff Reply to Defendants Summary Judgment Motion and Memorandum In Support Of Summary Judgment Motion."

A hearing on the motion was held on January 25, 2017, after which the court granted summary judgment to defendants. Mr. Poe filed a timely appeal; while he has stated four issues for review, the dispositive issue is whether the court erred in granting the motion for summary judgment.[2]

At the outset, we note that Poe is representing himself; in consideration of this fact, we are mindful of the following instruction from *Hessmer v. Hessmer*:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial

---

[2] Mr. Poe states the following as the issues for review:

[Whether] Madison County Chancery Court erred when it dismissed Appellant suit based upon Appellant motion for failure to state a claim?

[Whether] Madison County Chancery Court erred when it dismissed Appellant suit based failure to prosecute the case?

[Whether] Madison County Chancery Court erred when it dismissed Appellant suit based on the original request for copies was filed inappropriate and could not serve as basis [f]or relief?

[Whether] Madison County Chancery Court Judge erred when it dismissed Appellant action/ suit based on the request is moot was an unreasonable decision/ abuse of discretion?

system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (internal citations omitted).

The GTLA codifies the general common law rule that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities," Tennessee Code Annotated section 29-20-201(a), subject to statutory exceptions. For instance, immunity from suit for personal injury claims is removed in section 29-20-205 "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment," unless the injury arises out of one of several enumerated exceptions, specifically including libel and slander. Tenn. Code Ann. § 29-20-205(2). In the amended complaint,[3] Mr. Poe alleges in pertinent part:

> That the plaintiff is presently incarcerated at Hardeman County Correctional Facility, . . . as a result of the Slander and Libel of the said defendants.
> That the charges civilly imposition [sic] against Mr. Poe was procedurally dismissed as a result of Lack of Probable Cause.
> 1. Plaintiff's injuries or losses occurred on or about November 3, 2015, and under the following circumstances:
> **REPORTING OFFICER NARRATIVE: Incident/Investigation OCA 15-018441 Report**
> Mr. Lonell Theus made a complaint against Mr. Cornell Poe on November 3, 2015 at approximately 11:05 am. Jackson Police department patrol officer was dispatched to the Jackson Transit Authority bus terminal to take an assault report. Upon arrival contact was made with Lonell Theus, Jr., a bus driver, who stated that a passenger assaulted [him] on the bus.

As stated in the amended complaint, this suit is based on libel and slander; as such, immunity is not removed and the GTLA does not provide an avenue for relief to Mr. Poe as against JTA and its employees and the Mayor and City of Jackson employees, while

---

[3] The Amended Compliant is eleven pages long, and includes a narrative of argument, case law, legal arguments, and other material that is totally non-compliant with the instruction of Tennessee Rule of Civil Procedure 8.01 that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint was accompanied by copies of seven unverified documents from the Jackson Police Department, Jackson City Court, and the State of Tennessee Board of Parole.

acting in the scope of their employment.  Moreover, an action arising under GTLA "must be commenced within twelve (12) months after the cause of action arises." Tenn. Code Ann. § 29-20-305.  The amended complaint alleges that Mr. Poe's injury arose on November 3, 2015; Mr. Poe brought his suit on November 7, 2016, outside the limitations period.

Likewise, the claims asserted against the individual defendants are barred by the statutes of limitations of six months for slander actions, Tenn. Code Ann. § 28-3-103, and one year for libel actions, as found at section 28-3-104.

Mr. Poe's separate claim under TPPA also fails.  The four requisites for a cause of action under TPPA are:  (1) his status as an employee of the defendant employer; (2) his refusal to participate in, or remain silent about, "illegal activities" as defined under the Act; (3) his termination; and (4) an exclusive causal relationship between his refusal to participate in or remain silent about illegal activities and his termination. *Franklin v. Swift Transp. Co., Inc.*, 210 S.W.3d 521, 528 (Tenn. Ct. App. 2006) (citing Tenn. Code. Ann. § 50–1–304).  Mr. Poe does not allege in the amended complaint that he is an employee of JTA, and thus his TPPA claim fails.

For the foregoing reasons, we affirm the judgment dismissing this case.

_____
RICHARD H. DINKINS, JUDGE