IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 22, 2019

## SHARON A. LOVING v. JONATHAN E. LOVING

**Appeal from the Chancery Court for Anderson County**
No. 10CH1504      M. Nichole Cantrell, Chancellor

_____

### No. E2018-00667-COA-R3-CV
_____

Husband appeals from a divorce judgment and the entry of a permanent parenting plan, arguing that the trial court erred in not allowing him to put on any proof at the trial of this matter. For the reasons stated herein, and because we conclude that Husband should have been able to put on proof concerning the child's best interests, we vacate the permanent parenting plan and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed
in Part, Vacated In Part, and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and JOHN W. MCCLARTY, JJ., joined.

Curtis W. Isabell, Clinton, Tennessee, for the appellant, Jonathan E. Loving.

Sharon A. Loving, Andersonville, Tennessee, Pro se.[1]

### MEMORANDUM OPINION[2]

On February 9, 2010, Sharon Loving ("Wife") filed a complaint for divorce against Jonathan Loving ("Husband") in the Anderson County Chancery Court. The

---

[1] Appellee Sharon A. Loving did not file a brief.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

complaint reflected that one child had been born of the marriage and averred that Husband was guilty of both inappropriate marital conduct and adultery. In the alternative, Wife sought a divorce on the grounds of irreconcilable differences.

On February 18, 2010, Husband filed an answer and counter-complaint for divorce. Although Husband admitted that irreconcilable differences had arisen in the marriage and admitted that he lived with his girlfriend, he denied that he was guilty of inappropriate marital conduct. Further, he alleged that Wife was also guilty of adultery. As for relief, he prayed that he be granted an absolute divorce based upon irreconcilable differences in the marriage, or in the alternative, upon Wife's inappropriate marital conduct. The parties were subsequently ordered to mediation, and on March 5, 2010, a temporary parenting plan was entered. Wife later filed an answer to Husband's counter-complaint on March 19, 2010, requesting that Husband's action against her be dismissed.

The trial in this matter would not ultimately commence until multiple years later, on February 8, 2018. According to the statement of the evidence submitted, Wife and Husband had filed preliminary documents prior to trial wherein, among other things, they had agreed to a divorce on stipulated grounds. Although the presiding judge was scheduled for back surgery the day following trial and was expected to be off the bench for several weeks thereafter, the matter between Wife and Husband had been set for an approximate half-day trial. Husband had several witnesses at court on February 8 that were expected to testify on his behalf.

On the date of trial, the case was called by the trial court at 9:00 a.m. Husband and his counsel arrived at the courthouse at approximately 9:04 or 9:05 a.m. and stopped at the clerk's office to file some papers. Husband and his counsel entered the courtroom at approximately 9:07 a.m. When they appeared, the trial court stated to Husband that the divorce had already been decided on a fault basis against him, as the court had ruled that it would not accept the stipulated grounds agreed to by the parties. Although counsel for Husband requested the opportunity to provide testimony from Husband and other witnesses for the court's consideration, the trial court declined to allow Husband to present any proof. The court thereafter reviewed Wife's proposed parenting plan, and when Husband's counsel asked yet again to present witness testimony, his request was again denied. The court subsequently announced that Wife's proposed parenting plan was in the best interest of the child. On February 20, 2018, Husband filed a "Motion to Revise, Alter or Amend a Non-Final Judgment or in the Alternative Set Aside Partial Order and Set Hearing," requesting that he be given an opportunity to provide testimony.

On March 14, 2018, the trial court entered a judgment granting Wife a divorce and adopting her proposed parenting plan. Thereafter, by order entered on April 10, 2018, the court denied Husband's February 20, 2018 motion to revise, alter, or amend. Husband now appeals to this Court, alleging that the trial court abused its discretion in not allowing him to present testimony at the trial of this case.

Having carefully reflected on his appeal, we conclude that there is merit to the grievance raised by Husband as it pertains to the parties' parenting plan. There is no question that Tennessee trial courts possess broad discretionary authority to control their dockets and proceedings. *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003). Likewise, it is clear that wide discretion exists over the trial court's decision whether to allow evidence. *See Water Auth. of Dickson Cty. v. Hooper*, No. M2009-01342-COA-R3-CV, 2010 WL 1713017, at *5 (Tenn. Ct. App. Apr. 28, 2010) (noting that trial courts have "broad discretion over the admission of evidence"). However, that certainly does not mean that the trial court's decision to prevent Husband from offering witness testimony in this case is beyond scrutiny. "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Husband and his attorney were no doubt late from the call of the docket when they first appeared in court, but according to the statement of the evidence, the court's business as it related to this case was still underway.[3] Indeed, the statement of the evidence reflects that matters pertaining to the child were still before its review:

> The Court after the appearance of Defendant and Counsel for Defendant and denying the request by Defendant to present the Defendant's case in chief, reviewed the Plaintiff's Permanent Parenting Plan[.] . . . Defense counsel again asked to present witness testimony from Defendant and Defendant's witnesses. The request was denied by the Trial Court. The Court then announced that the Plaintiff's Proposed Parenting Plan was in the best interest of the child[.]

Although we cannot say, as a matter of law, that it was necessarily an abuse of discretion to prevent Husband from putting on proof regarding the parties' respective claims for divorce, those matters already having been decided before Husband and his attorney arrived,[4] in our view it was clearly an abuse of the court's discretion to deprive Husband of the opportunity to put on testimonial proof pertaining to the child's best interest and parenting plan when the statement of evidence reflects that those matters were still under consideration. We fail to see how Father's slight tardiness to the trial alters this. Father was present when the parenting plan was being considered, and in our view, when there

---

[3] The final judgment for divorce suggests that the court's entire ruling had been completed by the time Husband arrived. The statement of the evidence, however, reflects that, whereas the court had already decided that Wife was entitled to a divorce, the parenting issues were still under review.

[4] We might add that, although the trial court certainly had the discretion to start proceedings at the call of the case, it also could have attempted to wait a short time to see if Husband and/or his counsel was going to arrive or had opposing counsel attempt to contact his counsel opposite. This is particularly true in light of the fact that it was obvious from the court's record that Husband was represented by counsel, had filed responsive pleadings, a counterclaim and stipulations, as well as having witnesses waiting in the hallway prepared to testify.

is potential proof bearing on a child's best interests and that matter has yet to be decided, a trial court should generally be receptive to considering such proof. Indeed, a court's duty to determine whether a parenting arrangement serves a child's best interests is a solemn one. *Stricklin v. Stricklin*, 490 S.W.3d 8, 18 (Tenn. Ct. App. 2015). We see no reasonable justification here for why Father was prevented from presenting proof regarding the child's best interests and parenting plan.

We share Husband's concern that the trial court did not take the time to allow him to present any testimonial proof. The matter had been set for a half-day trial, and again, Husband was only a few minutes tardy. Moreover, the case had been pending for multiple years, involved important questions concerning a minor child's best interests, and, according to the statement of the evidence, was still before the court's review when Husband appeared. Considering all of these circumstances, we hold it was unreasonable and an abuse of discretion to prevent Husband from presenting any testimonial proof regarding the child's best interest and parenting plan. Accordingly, we conclude that the permanent parenting plan should be vacated, and the matter should be remanded to the trial court for further proceedings to allow Husband to present testimonial proof as it pertains to the child's best interest and parenting plan. The trial court, in the exercise of its discretion, may permit Wife to resubmit her proof should she wish to do so.

Inasmuch as the remanded matter involves issues pertaining to a minor child, it is important for the trial court to remain mindful of the fact that "events and lives have not stood still while this custody dispute has been in the courts." *Maxwell v. Woodard*, No. M2011-02482-COA-R3-CV, 2013 WL 2420500, at \*22 (Tenn. Ct. App. May 31, 2013) (quoting *Gorski v. Ragains*, No. 01A01-9710-GS-00597, 1999 WL 511451, at \*4 (Tenn. Ct. App. July 21, 1999)). Indeed, "when a trial court is directed to reconsider an issue on remand that involves the circumstances of children and their parents, 'the trial court should endeavor to ascertain and give effect to the parties' actual circumstances.'" *Kathryne B.F. v. Michael B.*, No. W2013-01757-COA-R3-CV, 2014 WL 992110, at \*7 (Tenn. Ct. App. Mar. 13, 2014) (quoting *In re C.W.*, 420 S.W.3d 13, 22 (Tenn. Ct. App. 2013)). Regarding its best interests determination, the court should consider the circumstances of the parties and minor child as they exist as of the date of the hearing on remand.

Regarding the best interests determination specifically, we feel compelled to remind the court that appropriate findings of fact and conclusions of law should be included on remand. As we noted in a recent decision:

> "Although there is no statutory requirement that the court list every applicable factor along with its conclusion as to how that particular factor impacted the overall custody determination, the statute, nevertheless, requires the trial court to consider all the applicable factors." *Pandey v.*

*Shrivastava*, No. W2012-00059-COA-R3-CV, 2013 WL 657799, at *4 (Tenn. Ct. App. Feb. 22, 2013) (quotation omitted).

> Tennessee Rule of Civil Procedure 52.01 provides that a trial court "shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." This Court has repeatedly emphasized that "a trial court should be as detailed as possible when rendering a decision in a custody case." *In re D.A.J.*, No. M2004-02421-COA-R3-JV, 2005 WL 3369189, at *7 (Tenn. Ct. App. Dec. 9, 2005). Factual findings are "particularly important" in custody cases, "as these determinations 'often hinge on subtle factors, including the parents' demeanor and credibility during [the] proceedings.'" *In re Connor S.L.*, No. W2012-00587-COA-R3-JV, 2012 WL 5462839, at *4 (Tenn. Ct. App. Nov. 8, 2012) (quoting *Hyde v. Amanda Bradley*, No. M2009-02117-COA-R3-JV, 2010 WL 4024905, at *3 (Tenn. Ct. App. Oct. 12, 2010)).

*In re Makinna B.*, No. M2018-00979-COA-R3-JV, 2019 WL 2375434, at *4 (Tenn. Ct. App. June 5, 2019). Although the trial court recited that it considered all the factors in Tennessee Code Annotated section 36-6-106 when it determined that Wife's proposed parenting plan was in the minor child's best interests, we note that none of the factors were specifically discussed. Moreover, no factual findings pertaining to the child's best interests were made.[5] No reviewable explanation, therefore, was really given as to the basis for the court's decision. Incident to the entry of a judgment on remand, we encourage the court to not only consider the best interests factors, but also to provide more detailed insight into the basis for its decision.

For the foregoing reasons, the permanent parenting plan is vacated, and the case is remanded for such further proceedings as are necessary and consistent with this opinion.

ARNOLD B. GOLDIN, JUDGE

---

[5] We cannot hold that the narrow time window within which the court accepted proof was necessarily insufficient for Wife to put on her case, but the paucity of findings and discussion relative to the child's best interests certainly gives some cause for concern about the expedited manner in which the trial setting appears to have been handled.