FILED
Mar 02, 2020
01:21 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **TERRENCE MOORE,** | ) | **Docket No. 2019-08-0765** |
| **Employee,** | ) | |
| **v.** | ) | |
| **YRC, INC.,** | ) | **State File No. 49951-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **OLD REPUBLIC INS. CO.,** | ) | **Judge Deana C. Seymour** |
| **Carrier.** | ) | |

---

### COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This case came before the Court on YRC's Motion for Summary Judgment. The issue is whether Mr. Moore's claim is barred by the statute of limitations. For the reasons below, the Court holds this claim is barred and grants YRC's motion.

### Claim History

Mr. Moore suffered work-related injuries after a motor vehicle accident on July 1, 2017. YRC accepted the claim and provided medical treatment. After Mr. Moore missed a medical appointment in April 2019, YRC filed a Petition for Benefit Determination (PBD) on July 22. Mr. Moore's last visit to an authorized provider occurred on May 7, 2018, and YRC made its last voluntary payment on June 11, 2018. The parties ultimately reached a settlement. However, Mr. Moore backed out of the settlement before court approval.

Afterward, Mr. Moore's attorney filed a Motion to Withdraw and a Request for Scheduling Hearing. On December 11, the mediator filed a Dispute Certification Notice. The Court granted Mr. Moore's attorney's Motion to Withdraw and set a Scheduling Hearing, but Mr. Moore did not appear.

By that time, YRC had filed this Motion for Summary Judgment. It also filed a statement of undisputed facts with record citations, a supporting brief, and proof of service to Mr. Moore with a copy of Tennessee Rules of Civil Procedure 56. The Court

1

set the motion for hearing on February 27, 2020. Mr. Moore failed to respond to the motion or appear for the hearing.

YRC argued Mr. Moore's claim is barred by the statute of limitations because he failed to file a PBD within a year of YRC's last voluntary payment.

## Law and Analysis

The Court recognizes Mr. Moore has chosen to represent himself, as is his right. However, unrepresented litigants must comply with the same standards to which represented parties must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). This includes complying with the same substantive and procedural rules that represented parties are expected to observe. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Here, Mr. Moore did not respond to YRC's motion as required by Tennessee Rules of Civil Procedure 56.03. Thus, the Court considers YRC's motion and statement of material facts unopposed.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2019). As the moving party, YRC must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the Mr. Moore's claim, or (2) demonstrate that Mr. Moore's evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2019); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If YRC is successful in meeting this burden, Mr. Moore must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Id.* at 265.

The essential element at issue comes from Tennessee Code Annotated section 50-6-203(b)(2), which provides:

> In instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, unless a petition for benefit determination is filed . . . within one (1) year from . . . time the employer ceased to make payments of compensation to or on behalf of the employee.

According to Tennessee Code Annotated section 50-6-203(c), "the issuing date of the last payment of compensation by the employer, not the date of its receipt, shall constitute the time the employer ceased making payments."

The undisputed facts conclusively demonstrate that a PBD was not filed until July 22, 2019, which is more than one year from YRC's last payment of compensation on June 11, 2018. Thus, YRC met its burden of negating an essential element of the claim. The burden shifts to Mr. Moore to show that the record contains specific facts upon which the Court could find in his favor. Since Mr. Moore did not respond to the motion or provide any additional evidence, the Court is without proof of any applicable exceptions. Mr. Moore failed to provide any evidence establishing this essential element of his claim. Thus, the Court holds that YRC is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. YRC's Motion for Summary Judgment is granted, and Mr. Moore's claim is dismissed with prejudice to its refiling.

2. Absent appeal, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to YRC under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2019) payable to the Clerk within five days of this order becoming final.

4. YRC shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED March 2, 2020.**

_____

**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 2, 2020.

| Name | Certified Mail | Via Email | Service Sent To |
|------|----------------|-----------|-----------------|
| Terrence Moore, Employee | X | | 4450 Sunny Slope Drive Memphis, TN 38141 |
| Stephen K. Heard, Employer's Attorney | | X | skheard@cclawtn.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*