IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 5, 2020

## MONSIEUR SHAWNELLIAS BURGESS v. BRADFORD HILLS HOA ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 20C1835   Joseph P. Binkley, Jr., Judge**

_____

**No. M2020-01371-COA-T10B-CV**

_____

A pro se plaintiff moved to recuse based on comments made by the judge at a hearing. The motion to recuse was denied, and this accelerated interlocutory appeal followed. Because the plaintiff's filings are deficient, we affirm the denial of the motion for recusal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON II, J., joined.

Monsieur Shawnellias Burgess, Nashville, Tennessee, pro se appellant.

## OPINION

### I.

Monsieur Shawnellias Burgess, acting pro se, sued both his homeowners' association, Bradford Hills HOA ("Bradford Hills"), and the property manager in general sessions court. After the case was removed to circuit court, Bradford Hills moved to require Mr. Burgess to file a complaint. Bradford Hills contended that Mr. Burgess's civil warrant was "so vague and ambiguous" that it could not "reasonably ascertain the nature and extent of the allegations against it or the basis of [Mr. Burgess's] theory of recovery."

Mr. Burgess obliged by filing a motion to amend with an amended complaint. The amended complaint asserted claims against Bradford Hills and the property manager. But it also included claims against attorneys who had represented or were representing Bradford Hills. Among other contentions, Mr. Burgess accused the attorneys of negligence for not reviewing legal documents. And Mr. Burgess "want[ed] to make sure that [the attorney's] Motion to Remove and statement to the [general sessions] court aren't subject to Rule 11."

When the motions of Bradford Hills and Mr. Burgess came on for a hearing, the trial judge made a comment that ultimately resulted in this appeal. According to the motion seeking disqualification or recusal, the trial judge asked Mr. Burgess for his proposed order granting leave to amend and then requested the amended complaint. Mr. Burgess "provided the Judge with the roughly 88 pages." The motion alleged that "[t]he Judge got frustrate[d]/upset and said he didn't want to look through all that." So Mr. Burgess responded by "remov[ing] the top two pages which was the Motion to Amend so that the Judge could get to the 86 pages of the Amended Complaint with all of the exhibits." The judge then said that Mr. Burgess was "DANGEROUS."

The judge denied the request to recuse. The judge determined that Mr. Burgess did not comply with the rule governing disqualification or recusal in several respects. Mr. Burgess's affidavit was deficient, and he "fail[ed] to state with specificity all of his factual and legal grounds which support his [m]otion seeking disqualification." *See* TENN. SUP. CT. R. 10B § 1.01. Mr. Burgess also failed to state that his motion was "not being presented for any improper purpose." *Id.*

Despite the deficiencies, because Mr. Burgess was a pro se litigant, the judge also addressed the merits of Mr. Burgess's argument. The judge determined that there was not an objectively reasonable basis for questioning his impartiality based on his comment at the hearing. In reaching that determination, the judge provided additional context and his recollection of the comment that prompted Mr. Burgess's motion to disqualify or recuse:

> The first time Mr. Burgess appeared before this Court for any reason was . . . on the Court's Friday Motion docket of September 18, 2020, where Mr. Burgess had filed a Motion requesting to file an Amended Complaint as the result of a General Sessions transfer of this case to the Circuit Court. During the process of making his oral presentation, to the best of the Court's understanding, Mr. Burgess stated that he had filed a Motion for sanctions against an attorney for one of the defendants in the case as per Tennessee Rule of Civil Procedure 11.03, but that as of the September 18, 2020 Motion hearing date, the Motion for sanctions continued to be within the 21 days of "safe harbor." The Court then inquired of Mr. Burgess as to whether or not he was an attorney, and Mr. Burgess replied that he was not

2

an attorney. The Court then asked Mr. Burgess if he was representing himself in this case, and he replied "yes." As the Court traditionally does with pro se litigants, Mr. Burgess was then asked if he understood the Tennessee Rules of [Civil] Procedure and the Tennessee Rules of Evidence. . . . This Court cannot recall Mr. Burgess' reply; however, because Mr. Burgess had referenced the "safe harbor" provision of Tennessee Rule of Civil Procedure 11.03, the Court then stated: "you know just enough to be dangerous."

The judge described his comments "as a warning to Mr. Burgess that even though he may have read and understood one or more of the Tennessee Rules of Civil Procedure, he is not trained in the law."

## II.

Rule 10B of the Rules of the Supreme Court of Tennessee governs the procedure for "determin[ing] whether a judge should preside over a case." TENN. SUP. CT. R. 10B. In an accelerated appeal, we may request an answer from the other party and briefing. *Id.* § 2.05. We may also set oral argument. *See id.* § 2.06. After a review of Mr. Burgess's petition for recusal appeal, supporting documents, and supplemental filings, we have determined that an answer, additional briefing, and oral argument are unnecessary.[1] Thus, we act summarily. *See id.* § 2.05.

As in the proceedings before the trial court, Mr. Burgess is not represented by counsel on appeal. Although we "take into account that many pro se litigants have no legal training and little familiarity with the judicial system," we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

One of those procedural rules is the requirement that the petition for accelerated interlocutory appeal "be accompanied by a copy of the motion [for disqualification or recusal] and all supporting documents filed in the trial court . . . and a copy of any other parts of the trial court record necessary for determination of the appeal." TENN. SUP. CT. R. 10B § 2.03(d). Here, Mr. Burgess supplied his motion seeking disqualification or recusal but not the supporting affidavit. "[A]n affidavit under oath or a declaration under penalty of perjury on personal knowledge" is a requirement of any party seeking disqualification or recusal of a judge. *Id.* § 1.01; *see also Elseroad v. Cook*, 553 S.W.3d

---

[1] After filing his petition for accelerated interlocutory appeal, Mr. Burgess filed "Plaintiff/Appellant's Additional Addenda." The Additional Addenda claims that the trial judge made his comment at the September 18, 2020 hearing because counsel for Bradford Hills was one of the trial judge's former clerks.

460, 466-67 (Tenn. Ct. App. 2018) (recognizing lack of affidavit "provides a basis to deny the petition without a hearing").

Given that Mr. Burgess acted pro se, the illation that he did not file an affidavit in the trial court might be warranted except for three facts. First, Mr. Burgess quoted section 1.01 of Tennessee Supreme Court Rule 10B in his motion seeking disqualification or recusal, which is the section that includes the affidavit requirement. Second, his motion seeking disqualification or recusal references an affidavit in its certificate of service. And, finally, the trial judge specifically referenced Mr. Burgess's affidavit and its failure to conform with Rule 10B.

As we have stressed, "the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court." *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015). Without such compliance, we cannot meet our obligation to decide the appeal "on an expedited basis." *Id.* (quoting TENN. SUP. CT. R. 10B § 2.06). So we must affirm the denial of the request to recuse.

To the extent that Mr. Burgess's motion was intended to serve dual purposes, as both a motion and affidavit, we agree with the trial court that it failed to comply with Rule 10B. Among other things, the motion was not signed under oath or penalty of perjury. TENN. SUP. CT. R. 10B § 1.01. And we conclude that such a deficiency was a sufficient basis alone to deny Mr. Burgess's motion. *See Elseroad*, 553 S.W.3d at 466-67.

### III.

Mr. Burgess failed to comply with Rule 10B either before the trial court by not supporting his motion seeking disqualification or recusal with an affidavit or before this Court by not providing a copy of the affidavit. So we affirm the denial of the motion.

_____
W. NEAL MCBRAYER, JUDGE