IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 11, 2002

## JOHN ALLEN HESSMER v. ROSA BLANCA HESSMER

**Appeal from the Circuit Court for Wilson County**
**No. 3586DVC     Clara W. Byrd, Judge**

---

**No. M2002-01024-COA-R3-CV - Filed May 12, 2003**

---

This appeal involves a state prisoner who is seeking a divorce from his wife. The prisoner filed a pro se divorce complaint in the Circuit Court for Wilson County. After the prisoner failed to obtain service on his wife, the trial court dismissed his complaint for failure to prosecute. On this appeal, the prisoner takes issue with the dismissal of his complaint because the trial court clerk failed to comply with a local court rule regarding notice before dismissing a complaint for failure to prosecute. Even though the trial court clerk may have failed to comply with the local rule, we have determined that the trial court did not err by dismissing the prisoner's divorce complaint for failure to prosecute.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

John Allen Hessmer, Nashville, Tennessee, Pro Se.

Rosa Blanca Hessmer, not represented.

### OPINION

### I.

As best we can determine from John Allen Hessmer's rambling handwritten papers, he and Rosa Blanca Hessmer were married in April 1998. Ms. Hessmer had a child from an earlier relationship with another man, and in May 2000, she gave birth to the parties' son. Their marriage deteriorated quickly after Mr. Hessmer was charged and convicted of aggravated burglary, vandalism, and possession of illegal drugs for resale. Mr. Hessmer is currently incarcerated at the Middle Tennessee Correctional Complex in Nashville.

After Mr. Hessmer was incarcerated, his family and friends reported to him that Ms. Hessmer "was keeping the company of another man" and that they were living in the marital home in Mt. Juliet, Tennessee. This news prompted Mr. Hessmer to file a pro se complaint for divorce in the Circuit Court for Wilson County on August 10, 2001. He asserted that Ms. Hessmer had "abridged our marriage by adultery and dissertion [sic]." Despite the fact that he was incarcerated, Mr.

Hessmer requested custody of the parties' child and demanded an equitable division of marital property and allocation of the marital debts.[1]

The trial court clerk issued a summons to Ms. Hessmer on August 10, 2001, but it was returned on August 17, 2001, marked "not to be found in Wilson Co."[2]  Mr. Hessmer did not attempt to reissue process.  On March 13, 2002, the trial court filed an order dismissing Mr. Hessmer's divorce complaint for failure to prosecute.  Mr. Hessmer has perfected this appeal.

**II.**

Prisoners have a qualified right[3] to institute and prosecute civil actions in Tennessee's courts. *Whisnant v. Byrd*, 525 S.W.2d 152, 153 (Tenn. 1975).  Accordingly, we turn first to the question of whether Mr. Hessmer, as an incarcerated civil litigant, must comply with the same substantive and procedural rules that govern the conduct of other litigants with regard to service of process and prosecution of cases.  The answer is yes.

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000);  *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997).  The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).  However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary.  Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App.1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d at 397.  Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S. Ct. 173, 176 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998).

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.  They are, however, entitled to at least the same liberality of construction of their

---

[1] Mr. Hessmer asserted that he had "accumulated certain personal assets before and during our marriage" and that Ms. Hessmer had "pawned, sold, and taken nearly every marital asset."  He also asserted that Ms. Hessmer accumulated "several hundred dollars" worth of utility bills.

[2] Mr. Hessmer's complaint requested the trial court to serve the process on Ms. Hessmer's last known address and set a time for hearing.  It also asked the trial court to "grant an order to publicate (sic) this case as substituted constructive service of process . . .."

[3] Prisoners do not have the right to insist that civil proceedings be held in abeyance while they are incarcerated or to insist that they be present at every stage of the proceeding. *Logan v. Winstead*, 23 S.W.3d 297, 302 (Tenn. 2000).

pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. *Irvin v. City of Clarksville*, 767 S.W.2d at 652. Even though the courts cannot create claims or defenses for pro se litigants where none exist, *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994), they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers. *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977).

Based on these policies, we have already recognized a trial court's prerogative to dismiss a prisoner's pending civil action for failure to prosecute in circumstances similar to this case. In a case where a prisoner failed to provide the clerk with summonses, we held that the trial court appropriately dismissed the prisoner's complaint because an unexplained delay in causing summonses to be issued can result in the dismissal of the complaint for failure to prosecute. *Hodges v. Attorney General*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000). Accordingly, we hold that Mr. Hessmer, like any other plaintiff in a civil proceeding, had an obligation to see to it that the summonses were timely issued and served in a manner consistent with the Tennessee Rules of Civil Procedure.

### III.

Mr. Hessmer does not take direct issue with this proposition. Instead, he asserts that the trial court should not have dismissed his complaint for failure to prosecute without first giving him notice that his complaint was subject to be dismissed. While the local rules of court provide some support for Mr. Hessmer's claim, we have determined that the trial court did not abuse its discretion by dismissing Mr. Hessmer's complaint for failure to prosecute even without giving prior notice.

Tennessee's trial courts possess broad discretionary authority to control their dockets and the proceedings in their courts. *Hodges v. Attorney General*, 43 S.W.3d at 921. They have the express authority to dismiss cases for failure to prosecute or for failure to comply with the Tennessee Rules of Civil Procedure or the orders of the court. Tenn. R. Civ. P. 41.02(1). These rules permit trial courts, in their discretion, to dismiss complaints on their own motion for failure to prosecute, but this authority should be exercised sparingly and with great care. *Harris v. Baptist Mem'l Hosp.*, 574 S.W.2d 730, 731 (Tenn. 1978); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S. Ct. 1386, 1390 (1962) (adopting a similar interpretation for an analogous federal rule).

Tenn. R. Civ. P. 41.02(1) does not explicitly require the trial court to give a plaintiff notice before dismissing a complaint for failure to prosecute. However, courts may by policy or local rule provide for notice prior to a dismissal for failure to prosecute.[4] The courts in the Fifteenth Judicial District have adopted local rules of practice that include a rule regarding dismissals for failure to prosecute. 15th Jud. Cir. R. 24 provides, in part:

---

[4]Trial courts may adopt local rules of practice that do not conflict with the rules adopted by the Tennessee Supreme Court or other substantive rules of state law. Tenn. Code Ann. § 16-2-511(1994); *Hackman v. Harris*, 225 Tenn. 645, 651, 475 S.W.2d 175, 177 (1972); *In re Int'l Fidelity Ins. Co.*, 989 S.W.2d 726, 729 (Tenn. Crim. App. 1998); *Pettus v. Hurst*, 882 S.W.2d 783, 786 (Tenn. Ct. App. 1993).

> To expedite cases, the Court may take reasonable measures to purge the docket of old cases where the cases have been dormant without cause shown for an extended time. After a cause is filed and three terms of Court have passed without either party setting the cause for trial on the trial docket, counsel will file with the Court, in proper form, the reasons why the cause is not ready for trial, together with the time within which they might reasonably be expected to set the cause for trial. In the event the above provisions are not met, the Clerk shall notify counsel of record to prepare an order of dismissal at his cost. In the event counsel does not prepare said order within ten days, the Clerk will prepare same and submit the order to the Court for approval.

This record does not provide clear evidence that the trial court clerk provided the notification to Mr. Hessmer required by 15th Jud. Cir. R. 24. While the order of dismissal recites "notice having been given as provided by said rule[5] that the Complaint should be dismissed," a copy of the notice is not included with the appellate record, and Mr. Hessmer asserts that he did not receive notice of any sort before he received a copy of the order dismissing his complaint for failure to prosecute. Because a copy of the clerk's notice does not appear in the record, we will presume that the trial court clerk failed to provide Mr. Hessmer with the notice envisioned by 15th Jud. Cir. R. 24.

Under the facts of this case, we have determined that the trial court properly dismissed Mr. Hessmer's appeal for his failure to prosecute even if he did not receive prior notice. Mr. Hessmer knew that the original summons had been returned unserved on August 17, 2001. Yet, he permitted the case to languish for seven months without making any effort to see to it that Ms. Hessmer was properly served. We have upheld the dismissal of a complaint for failure to prosecute following an unexplained seven-month delay in causing a summons to be issued. *Strong v. Elkins*, No. 01A01-9201-CV-00028, 1992 WL 113419, at \*2 (Tenn. Ct. App. May 29, 1992) (No Tenn. R. App. P. 11 application filed).

Moreover, Mr. Hessmer's position on appeal is undermined by his failure to avail himself of the post-judgment remedies available to him through Tenn. R. Civ. P. 59.04 or Tenn. R. Civ. P. 60.02. He could easily have filed a Tenn. R. Civ. P. 59.04 motion to alter or amend the trial court's judgment within thirty days after entry explaining his reasons for failing to serve Ms. Hessmer or otherwise prosecute his case. Even after the judgment became final, he could have filed a Tenn. R. Civ. P. 60.02 motion and argued mistake, inadvertence, surprise, or excusable neglect. *See Link v. Wabash R.R. Co.*, 370 U.S. at 632, 82 S. Ct. at 1390. We are generally disinclined to grant appellate relief to parties who have failed to take advantage of the remedies available to them to prevent or nullify the harmful effect of an error. Tenn. R. App. P. 36(b).

---

[5]The order does not refer to 15th Jud. Cir. R. 24 or any other particular local rule. It simply refers to the "Rules of the Fifteenth Judicial Division of Tennessee."

**IV.**

We affirm the dismissal of Mr. Hessmer's divorce complaint for failure to prosecute and remand the case to the trial court for whatever other proceedings may be required. We tax the costs of this appeal to John Allen Hessmer for which execution, if necessary, may issue. We also have determined that this appeal is frivolous in accordance with Tenn. Code Ann. § 41-21-807(c) (Supp. 2001) and Tenn. Code Ann. § 41-21- 816(a)(1) (1997).

_____
WILLIAM C. KOCH, JR., JUDGE