ORDER DENYING PETITION TO REHEAR
On January 12, 2012, Appellant Dennis Burrow filed a letter, which *86 purports to be a petition to rehear. We will treat it as such. This letter is accompanied by correspondence between Mr. Burrow and his lawyer and by two affidavits from Mr. Burrow, along with supporting documentation. Although Mr. Burrow was represented by counsel at both the trial and on appeal, and despite the fact that there is no indication that Mr. Burrow’s lawyer has withdrawn from this case, Mr. Burrow is proceeding pro se on this petition. That being said, we first note that pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere. As recently explained by this Court:
Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant’s adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.
Jackson v. Lanphere, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn.Ct.App. Aug. 12, 2011) (quoting Hessmer v. Hessmer, 138 S.W.3d 901, 903 (Tenn.Ct.App.2003)).
We have reviewed the documents filed by Mr. Burrow in support of his petition. The majority of the documents, including Mr. Burrow’s affidavits do not appear to have been filed as part of the record in the trial court. It is well settled that this Court’s review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate for a meaningful review. Term. R. App. P. 24(b). Having not included the documents presented here in the original record before this Court, and having not filed a petition to supplement the appellate record, this Court cannot consider the bulk of Mr. Burrow’s filings in support of his petition to rehear. Consequently, from the arguments presented, we conclude that Mr. Burrow’s petition to rehear is not well taken.
For the foregoing reasons, Appellant’s petition to rehear is respectfully DENIED.
/s/ J. Steven Stafford J. STEVEN STAFFORD, J.
/s/ Alan E. Highers ALAN E. HIGHERS, P.J., W.S.
/s/ Holly M. Kirby HOLLY M. KIRBY, J.