IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 30, 2014 Session

## RE/MAX-CARRIAGE v. MATTHEW McLAUGHLIN, ET AL.

**Appeal from the Circuit Court for Rutherford County**
**No. 66140    Royce Taylor, Judge**

_____

**No. M2013-01982-COA-R3-CV - Filed August 25, 2014**

_____

Lessor sued lessees for failure to pay rent and received a default judgment in general sessions court. Lessee appealed to circuit court and filed a counterclaim for failure to maintain the premises and make repairs. The trial court found for lessor. Lessees appealed. Due to the lack of a transcript or a proper statement of the evidence, we must affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Matthew William McLaughlin and Tara Michelle McLaughlin, Chapel Hill, Tennessee, pro se.

William L. Moore, Gallatin, Tennessee, for the appellee, Re/Max-Carriage House Property Management Division, LLC.

**OPINION**

BACKGROUND

This matter arises out of an action in the Rutherford County General Sessions Court by Re/Max-Carriage House Property Division, LLC ("Re/Max") against Matthew and Tara McLaughlin, who leased property from Re/Max but failed to pay the rent for January, February and March of 2012. On January 22, 2013, the court entered a default judgment

1

against the McLaughlins for $2,505.

The McLaughlins appealed the case to circuit court, where they answered and filed a counterclaim for violation of the Tennessee Uniform Residential Landlord and Tenant Act, Tenn. Code Ann. § 66-28-101 *et seq*. They claimed that Re/Max failed to properly maintain the premises, failed to make necessary repairs within fourteen days after they were served with notice and requests for repairs, and failed to return the security deposit.

On June 26, 2013, the Rutherford County Circuit Court conducted a bench trial. The trial court's opinion laid out each side's position and its reasons for the ruling:

> The undisputed proof reflects the parties executed a lease agreement on September 22, 2011, to continue renting the property located at 106 Frontier Lane, LaVergne, Tn 37086, from October 1, 2011 until March 31, 2012. [The parties had previously entered into a lease agreement for the same residence, from October 22, 2010 until September 30, 2011.] The Uniform Residential Landlord and Tenant Act in effect on the date of execution of the agreement controls this contract.

> The genesis of plaintiff's complaint is the defendants breached the contract for failure to pay rent during the months of January, February and March, 2012. Tenn. Code Ann. § 66-28-505 (2008) provides that if there is a material noncompliance with the rental agreement, ie rent is unpaid, a landlord may terminate a lease and obtain damages, including rent and attorneys fees. As allowed by subsection (b) of the above statute, defendants waived notice of termination of tenancy for nonpayment of rent. See Exhibit No. 1, Lease Agreement, page 1.

> At trial, plaintiff's president testified the parties had entered into a lease agreement wherein defendants agreed to pay rent in the sum of $850.00 per month through March 2012. However, defendants had vacated the premises and failed to pay rent for the months of January, February and March 2012, in violation of the lease agreement. Testimony presented also reflected the plaintiff had not received sufficient notice of and payment for early termination as contemplated by the lease agreement. Plaintiff was unable to rent the premises until March 31, 2012 and therefore, is seeking damages in the sum of $2,005.00, being three (3) months rent, 10% late charges, and giving defendants credit for their $800.00 security deposit. Under the agreement, plaintiffs are also requesting attorneys' fees and costs.

The defendants rely upon Tenn. Code Ann. § 66-28-501 under a theory of landlord noncompliance. The defendants testified at trial that the plaintiff failed to keep the windows airtight, which led to insect infestation. Exhibits were introduced wherein defendants notified plaintiff of a window or infestation issue by email on November 4, 2010; November 9, 2010; June 29, 2011 and July 4, 2011. See Exhibit Nos. 6, 8A-C. Further, the defendants introduced a video taken of the insects coming through the door and window frames. See Exhibit No. 9. Testimony presented shows the parties purchased a home in December, 2011, and moved from the rental home in January, 2012. Although there was no evidence of same, defendants testified they sent handwritten notes with their rent checks requesting repairs be made because their emails were not being responded to. Defendants argued that since these issues were not repaired within fourteen (14) days, Tenn. Code Ann. § 66-28-501 was violated and they were entitled to vacate and collect their security deposit payment.

The crux of defendants' counterclaim must fail because the only evidence of request for repairs presented at trial predates the second lease. The parties entered into the relevant lease on September 22, 2011, well after the last email was sent. Further, the lease states "Lessee has examined the leased premises and agrees to take them in their present condition without any alterations or repairs." See Exhibit 1, page 5.

The court finds that defendants breached the lease agreement by failing to pay three (3) months rent and plaintiff shall be entitled to a judgment for rent, late charges, attorneys' fees and costs.

The total judgment against the McLaughlins was $2,806.25, plus costs. They appealed.

ANALYSIS

The McLaughlins represent themselves. They are entitled to fair and equal treatment. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* Moreover, they "should not be permitted to shift the burden of the litigation to the courts or to their adversaries." *Id*. at 904.

The McLaughlins did not file a transcript or a statement of the evidence that complies with Tenn. R. App. P. 24(c).[1] Generally, when the appellant fails to file a transcript or statement of the evidence, the appellate court presumes that the trial court's decision is supported by sufficient evidence. *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007). This court has determined, however, that even without such documents in the record, we may examine "those issues where appellate review is not hindered by the absence of a transcript or statement of the evidence." *Am. Express Centurion Bank v. Lowrey*, No. E2011-01247-COA-R3-CV, 2013 WL 937831, at \*4 (Tenn. Ct. App. Mar. 11, 2013). Thus, issues that do not require "a careful review of the evidence presented to the trial court" may be considered. *Chandler v. Chandler*, No. W2010-01503-COA-R3-CV, 2012 WL 2393698, at \*9 (Tenn. Ct. App. June 26, 2012).

The McLaughlins' first issue, slightly rephrased, is whether the trial court erred by "overlooking" Exhibit 3 and taking no action against the plaintiff. Exhibit 3 is a certification, dated June 24, 2013, from the Executive Director for the Tennessee Real Estate Commission that the Commission's records do not indicate that Re/Max is licensed to engage in real estate activities as defined in Tenn. Code Ann. 62-13-102(4)(A), (B).[2] The certification also states that neither Re/Max nor Ronald A. Wills holds a license issued pursuant to Tenn. Code Ann. § 62-25-101 *et seq.*, the Rental Location Agent Act of 1978. The McLaughlins maintain that, without a licensed lessor, the lease with Re/Max is void and Re/Max can take no action against them. They argue that a consent order in a complaint they filed with the Tennessee Real Estate Commission supports their claim; however, that order is not in the record.

Exhibit 1 is the lease agreement between "Re/Max Carriage House, agent for the Lessor," and the McLaughlins. It is signed by Jennifer C. Oswalt as "Agent for Re/Max Carriage House." Exhibit 4 is Jennifer Oswalt's business card, which identifies her as a property manager for "Re/Max Carriage House Management Division, LLC, independently owned and operated." Four of the emails regarding the McLaughlins' complaints, found in Exhibits 6 and 8, are directed to her.

The record, in Exhibit 10, contains a Tennessee Real Estate Broker's License in the

---

[1] The McLaughlins did file a "Statement of Evidence from Appellants," but it does not comply with Tenn. R. App. P. 24(c).

[2] Tenn. Code Ann. § 62-13-102(4)(A) & (B) define the term "Broker" under the Tennessee Real Estate Broker License Act of 1973.

name of Ronald "Ron" A. Wills, expiration date 8/24/2013. His name appears in the McLaughlins' counterclaim as "Plaintiff's employee, Manager and Registered Agent." He received a blind copy of two of the emails to Jennifer Oswalt.

This recitation of what we know from the record serves to highlight what we do not know. While the record we have certainly puts Re/Max's authority to engage in the property brokerage business into question, we do not know why Wills's brokerage license was placed in evidence, and we do not know the testimony that Re/Max's president, whoever he or she is, may have given about its business organization and its relationship with Wills and others. Consequently, we are constrained to hold that the lack of a transcript or statement of the evidence prevents us from considering the McLaughlins' first issue.

The second and third issues raised by the McLaughlins must also fail. They maintain that their counterclaim regarding failure to maintain the premises and to make repairs should not have been dismissed. While the record contains some photos and a video of insects around doors and windows, we do not know what testimony was presented about their claim. In addition, we have Exhibit 1, the September 22, 2011 lease, signed by the McLaughlins, which states: "Lessee has examined the leased premised and agrees to take them in their represent condition without any alterations or repairs." Thus, it would appear that their earlier concerns had been resolved. Similarly, there is no testimony about the third issue, the issuance of the judgment against them. In the absence of a transcript or a proper statement of the evidence, we cannot evaluate the trial court's decision and must presume that the trial court's decision is supported by sufficient evidence.

We must note that our decision is not a validation of Re/Max's conduct. It is based on the fact that the record before us is not sufficient for review.

The decision of the trial court is affirmed. Costs of appeal are assessed against Matthew McLaughlin and Tara McLaughlin.

_____
ANDY D. BENNETT, JUDGE

5