
IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 20, 2016

**ROBERT EMILIO CISNEROS v. LINDSEY DIANNA MILLER, ET AL.**

**Appeal from the Circuit Court for Lincoln County**
**No. C1100098      Franklin L. Russell, Judge**

_____

**No. M2016-02426-COA-T10B-CV**

_____

This is an accelerated interlocutory appeal as of right from the denial of a motion for recusal. Because the petition for recusal appeal fails to comply with Tennessee Supreme Court Rule 10B, we dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal; Appeal Dismissed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and BRANDON O. GIBSON, JJ., joined.

Robert Emilio Cisneros, Hazel Green, Alabama, pro se appellant.

Glen A. Isbell, Winchester, Tennessee, for the appellee, Lindsey Dianna Miller.

Jonathan C. Brown, Fayetteville, Tennessee, for the appellee, Valerie Miller.

**OPINION**

**I.**

Robert Emilio Cisneros ("Father") and Lindsay Dianna Miller ("Mother") are the parents of two minor children. *See Cisneros v. Cisneros*, No. M2013-00213-COA-R3-CV, 2015 WL 7720274, at *1 (Tenn. Ct. App. Nov. 25, 2015). On December 12, 2012, the Circuit Court for Lincoln County, Tennessee, entered an order divorcing Father and Mother. *Id.* at *4. The court also named Mother the primary residential parent. *Id.* at *2.

Shortly thereafter, Father filed petitions to modify child support and custody, and Mother filed a petition for contempt based on Father's failure to pay child support. *Id.*

Mother's petition resulted in Father being jailed for a time until he paid his child support arrearage. *Id.* On Father's petitions, "the trial court ruled that Mother should remain the primary residential parent, established a permanent injunction prohibiting Father from having contact with Mother, imputed income to Father, and awarded Mother attorney's fees." *Id.* at *7.

Father appealed from the judgments entered in connection with the divorce and the initial round of post-divorce litigation. *Id.* at *2-3. We consolidated the appeals, referring to the divorce as the "first case" and the initial round of post-divorce litigation as the "second case." *Id.* at *4. One of the issues raised by Father with respect to the first case was that the trial judge was biased against him. *Id.* However, we concluded that Father had waived the issue because he had not filed a motion for recusal in the trial court. *Id.* at *5.

The post-divorce litigation between Father and Mother continued, and in what he describes as the third case, Father filed a motion for recusal of the same judge who heard the first and second "cases." On December 2, 2016, the trial court entered an "order dismissing motion to recuse" and a memorandum opinion. From this order, Father seeks an accelerated interlocutory appeal.

## II.

Rule 10B of the Rules of the Supreme Court of Tennessee governs the procedure for "determin[ing] whether a judge should preside over a case." Tenn. Sup. Ct. R. 10B. Section 2 of that rule governs appeals from a trial court's denial of a motion for disqualification or recusal. The unsuccessful movant can either seek "an accelerated interlocutory appeal as of right . . . or the ruling can be raised as an issue in an appeal as of right . . . following the entry of the trial court's judgment." *Id.* § 2.01. These are "the exclusive methods for seeking appellate review." *Id.*

An accelerated interlocutory appeal as of right is initiated by the filing of "a petition for recusal appeal." *Id.* § 2.02. Rule 10B specifies that the petition for recusal appeal must contain certain elements and be accompanied by certain documentation to facilitate appellate review, which we are required to carry out "on an expedited basis." *Id.* § 2.06. Specifically,

[t]he petition for recusal appeal shall contain:

(a) A statement of the issues presented for review;

(b) A statement of the facts, setting forth the facts relevant to the issues presented for review;

(c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the

2

contentions require appellate relief, with citations to the authorities; and

(d) A short conclusion, stating the precise relief sought.

The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal.

*Id.* § 2.03. We have previously stressed "that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court." *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015).

Father's petition for recusal appeal does not include a copy of the motion for recusal filed in the trial court. The petition does include a statement of the issues and an argument section that detail "examples" or facts that Father describes as being included in the motion for recusal filed in the trial court. But we have no means to confirm this absent a copy of the motion for recusal. According to Father, the trial court's "order dismissing motion to recuse" addresses "only several of the 22 examples in the Rule 10B recusal motion . . . ." Father also exhibited to his petition for recusal appeal various court orders and excerpts from transcripts, which purportedly support the facts included in the motion.[1] But we have no means to confirm that these exhibits were filed with the trial court.

We recognize that Father is not represented by counsel. Although we "should take into account that many pro se litigants have no legal training and little familiarity with the judicial system," we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). In this instance, unlike some others presented to us,[2] we cannot excuse Father's failure to comply with Rule 10B's requirement that he supply a copy of the motion for recusal filed with the trial court. The motion's absence renders a de novo review of the trial court's decision unfeasible.

Because the petition for recusal appeal is not accompanied by the motion for recusal filed in the trial court, we dismiss the appeal.

---

[1] Father states in the petition for recusal appeal that the grounds for his "Rule 10B Motion **involve[d] the third case and occurred <u>during the May 31, 2016 hearing</u>**." However, exhibited to his petition are excerpts from at least two different transcripts, one produced from a hearing held on November 30, 2016.

[2] *See, e.g., Watson v. City of Jackson*, 448 S.W.3d 919, 928 (Tenn. Ct. App. 2014) (excusing a pro se appellant's failure to include in her petition for recusal appeal a copy of the order denying the recusal motion).

_____
W. NEAL McBRAYER, JUDGE