IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 24, 2021

## KAREN NISENBAUM v. MICHAEL NISENBAUM

**Appeal from the Chancery Court for Williamson County**
**No. 44368     Joseph A. Woodruff, Judge**

_____

**No. M2021-01377-COA-T10B-CV**

_____

A petitioner in a divorce case moved to recuse the trial judge. The trial judge denied the motion, and this accelerated interlocutory appeal followed. Because the petition for recusal appeal fails to comply with Tennessee Supreme Court Rule 10B, we dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which KENNY W. ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

Karen S. Nisenbaum, Scottsdale, Arizona, pro se appellant.

## OPINION

Rule 10B of the Rules of the Supreme Court of Tennessee governs the procedure for "determin[ing] whether a judge should preside over a case." TENN. SUP. CT. R. 10B. For accelerated interlocutory appeals from the denial of a motion for disqualification or recusal, Rule 10B specifies the contents of the petition for recusal appeal. *Id.* § 2.03(a)-(d). Rule 10B also requires that the petitioner provide "a copy of the motion [for disqualification or recusal] and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." *Id.* § 2.03(d). Here, the appellant, Karen S. Nisenbaum, did not supply any of the required documents with her petition.

Ms. Nisenbaum is not represented by counsel on appeal. Although "pro se litigants have no legal training and little familiarity with the judicial system," pro se litigants must "comply[] with the same substantive and procedural rules that represented parties are

expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). As we have stressed, "the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court." *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015). Absent compliance, we cannot meet our obligation to decide the appeal "on an expedited basis." *Id.* (quoting TENN. SUP. CT. R. 10B § 2.06).

Ms. Nisenbaum failed to comply with Rule 10B when she filed her petition for accelerated appeal without any of the required supporting documents. So we dismiss the appeal.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE
