

**FILED**
**Oct 18, 2022**
**11:22 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **TRE'BION LINDSAY,** | ) | **Docket No. 2021-06-1620** |
| **Employee,** | ) | |
| **v.** | ) | |
| **STATE INDUSTRIES, LLC,** | ) | **State File No. 93970-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **SENTRY INSURANCE COMPANY,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

On October 3, 2022, the Court heard State Industries' motion that this case should be dismissed on summary judgment because there is no genuine issue in the expert medical evidence that Mr. Lindsay's condition is preexisting and unrelated to his employment. Because State Industries affirmatively negated an essential element of Mr. Lindsay's claim and he failed to respond with evidence showing that a genuine issue of material fact exists, the Court grants summary judgment.

### Claim History

Mr. Lindsay alleged he injured the left lower side of his back while working for State Industries as a line hanger on December 8, 2021. State Industries provided a panel, from which Mr. Lindsay chose spine surgeon Dr. Ryan Snowden.

Dr. Snowden diagnosed "pre-existing and non-work-related degenerative disc disease." He signed a Form C-32 stating that Mr. Lindsay's employment had not caused his disablement or need for medical treatment, nor had it aggravated his pre-existing condition. Specifically, Dr. Snowden wrote on the form, "After reviewing his imaging studies and medical records, it is apparent Mr. Lindsay's employment did not contribute more than 50% in causing his medical condition or the need for medical treatment." He answered "no" on the form when asked if the work injury had aggravated Mr. Lindsay's preexisting condition.

Mr. Lindsay then saw neurosurgeon Dr. Scott Standard on his own, and Dr. Standard also diagnosed degenerative disc disease unrelated to Mr. Lindsay's employment. He, too, signed a Form C-32 in which he concluded that Mr. Lindsay's employment had not caused his disablement or need for medical treatment, nor did it aggravate his pre-existing condition. Dr. Standard wrote on the form, "No work-related injury; Mr. Lindsay is suffering from degenerative disc disease . . . [He] has been taken off work for his non-work-related degenerative condition." He also answered "no" on the form when asked if the work injury had aggravated Mr. Lindsay's pre-existing condition.

Ultimately, the Court entered a July 2022 Scheduling Order setting deadlines for completion of written discovery, lay witness depositions, and expert witness depositions.

State Industries filed notices of its intent to use the doctors' C-32 forms and included information intended to establish the forms' admissibility. On June 3, it filed Dr. Snowden's form and filed an amended version on July 5, and then it filed Dr. Standard's C-32 form on August 2. Both doctors' forms contained a statement of their qualifications.

Mr. Lindsay timely objected to Dr. Snowden's C-32 form by filing a motion to strike. The Court denied the motion, explaining that the remedy for objecting to a Form C-32 is to depose the doctor. However, Mr. Lindsay has not filed any doctors' depositions or a Form C-32 of his own.

On August 25, when filing the motion for summary judgment, State Industries' counsel included a notice explaining that she sent Mr. Lindsay a copy of the statutes, rules, and cases cited in the motion and informing him he must file and serve a response to the motion on or before September 26, 2022.

Mr. Lindsay filed a response on October 2, one day before the summary judgment hearing, which included some medical records from neurosurgeons Dr. John Brophy and Dr. Richard Berkman. He argued that, at least at one time, Dr. Snowden believed his injury was work-related.

**Law and Analysis**

Before addressing the motion's merits, the Court considers this claim's procedural posture, State Industries' compliance with applicable rules, and the admissibility of the evidence supporting its motion.

The Bureau's rules state that the Court should not consider a motion for summary judgment until a scheduling order is entered. Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(b) (February 2022). Here, the Court entered a scheduling order in July 2022, giving the parties opportunity to complete written discovery and depositions before hearing this

2

motion. Thus, this claim is procedurally ripe for summary judgment.

Additionally, State Industries allowed more than thirty days for Mr. Lindsay to respond, complying with both Tenn. R. Civ. P. 56.04 and Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(b) and (1)(c). State Industries also provided Mr. Lindsay "a copy of the rule or statute on which the dispositive motion [was] based and . . . state[d] [the] deadline and/or requirement to respond." Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(a). Based on counsel's affidavit, State Industries complied with applicable rules to inform Mr. Lindsay about the dispositive nature of its motion and the response deadline.

Next, the Court considers the admissibility of the doctors' C-32 forms. To be admissible as the physician's direct testimony "at any stage of a workers' compensation claim in lieu of a deposition," a Form C-32 must comply with the requirements of Tennessee Code Annotated section 50-6-235(c). *Sadeekah v. Abdelaziz d/b/a Home Furniture and More*, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at *11 (June 22, 2021).

Under that section, a copy of the form is "not admissible . . . unless accompanied by an originally signed affidavit from…the submitting attorney verifying the contents of the report." Tenn. Code Ann. § 50-6-235(c)(1). It must also include "a statement of qualifications of the person making the report." *Id.* at (c)(2). Additionally, notice of intent to use the form must be provided "not less than twenty (20) days before the date of intended use." Finally, an "objecting party shall depose the physician within a reasonable period of time[,] or the objection shall be deemed to be waived." *Id*.

Here, the Court finds both doctors' C-32 forms are admissible. State Industries gave sufficient notice of its intention to use them more than twenty days ahead of the hearing, properly verified the forms' contents, and included the qualifications of both physicians. While Mr. Lindsay timely objected to Dr. Snowden's form, he did not take the doctor's deposition or file a request to extend the time to take the deposition. Thus, his objection is deemed waived. Further, he did not object to Dr. Standard's C-32 form, nor did he depose that doctor. Therefore, the C-32 forms are admissible for the purposes of determining summary judgment.

Finally, the Court turns to the merits of the summary judgment motion.

As the party without the burden of proof at trial, State Industries must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of Mr. Lindsay's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2022); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If State Industries does so, then Mr. Lindsay "may not rest upon the mere allegations or denials of [his] pleading." *Rye,* at 265. Rather, he must respond by producing affidavits,

pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If he fails to respond in that manner, "summary judgment, if appropriate, shall be entered against [him]." *Id*.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

Medical causation is an essential element of Mr. Lindsay's claim, and proving medical causation requires an expert's opinion to a "reasonable degree of medical certainty that the employment contributed more than fifty percent" to the injury's cause. A reasonable degree of medical certainty means that in the medical expert's opinion it is more likely than not that the work caused the injury "considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(B)-(D).

Two doctors' opinions undisputedly show that Mr. Lindsay's condition is degenerative and preexisting and neither caused nor aggravated by his work. Given this expert medical evidence, the Court finds State Industries presented affirmative evidence that negates medical causation.

Thus, Mr. Lindsay had to present evidence disputing these opinions to avoid summary judgment. Despite notice of the response deadline, Mr. Lindsay filed a late response that did not comply with Rule 56. He also attached medical records that the Court cannot consider in a summary judgment motion because the records are not the type of document or evidence identified in Rule 56—affidavits, depositions, or responses to interrogatories or admissions—upon which a party may rely. *Lemons v. Elwood Staffing Services, Inc.*, 2021 TN Wrk. Comp. App. Bd. LEXIS 12, at *13 (May 4, 2021). Further, even if admissible, the medical records did not support Mr. Lindsay's claim of a work-related injury.

For these reasons, the Court holds that Mr. Lindsay did not meet his burden to produce affidavits, depositions, or responses to interrogatories or admissions to show that a genuine issue exists for trial. Instead, his response and argument contained "mere allegations [and] denials." Thus, the material facts supporting State Industries' motion for summary judgment remain undisputed.

The Court understands Mr. Lindsay's challenge as a self-represented person. However, "courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903-904 (Tenn. Ct. App. 2003) (citations omitted).

4

In his argument, Mr. Lindsay stated that he needed more time to respond and gather evidence. However, he did not file a motion to extend the deadline or request a continuance. Further, the Scheduling Order allowed time and opportunity for depositions or for Mr. Lindsay to obtain a C-32 form. But he did not do so, and "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.*

In view of this, the Court finds that no genuine issue of material fact exists, and State Industries is entitled to summary judgment as a matter of law.

State Industries shall file Form SD-2 with the Clerk within ten business days of issuance of this order under Tennessee Code Annotated section 50-6-244(b)(3). The Court assesses the $150.00 filing fee against State Industries, for which execution might issue as necessary. State Industries shall pay the filing fee to the Clerk within five business days of this order becoming final. Unless appealed, this order shall become final in thirty days.

**IT IS ORDERED.**

**ENTERED October 18, 2022.**

_____

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on October 18, 2022.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Tre'Bion Lindsay, Self-represented Employee | | | X | kingspaladin@yahoo.com |
| Lee Anne Murray, Taylor Pruitt; Employer's Attorneys | | | X | leeamurray@feeneymurray.com trp@feeneymurray.com madeline@feeneymurray.com |

_____
**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

6



Compensation Order Right to Appeal:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*