IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 1, 2024

## ANTHONY PARKER v. COMMISSIONER OF LABOR & WORKFORCE DEVELOPMENT

**Appeal from the Chancery Court for Rutherford County**
**No. 22CV-651     Bonita Jo Atwood, Judge**

_____

### No. M2023-01110-COA-R3-CV

_____

Appellant appeals the chancery court's decision to affirm the Tennessee Department of Labor and Workforce Development's determination that he was overpaid unemployment benefits. Because we have determined that the appellant failed to comply with the applicable rules regarding appellate briefing, we dismiss this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which CARMA DENNIS MCGEE and KRISTI M. DAVIS, JJ., joined.

Anthony Parker, Murfreesboro, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter, and Carrie Anne Perras, Assistant Attorney General, for the appellee, Tennessee Department of Labor and Workforce Development.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

Anthony Parker submitted a claim for unemployment benefits to the Tennessee Department of Labor and Workforce Development ("the Department") in September 2019 and subsequently began drawing unemployment benefits.  This appeal arises from the Department's determination that Parker fraudulently certified that he lacked employment, which resulted in an overpayment of benefits. The Department found that it had overpaid Parker unemployment benefits totaling $3,500 for the weeks ending on May 16 through June 6, 2020.

On September 29, 2021, the Department informed Parker of the overpayment and his obligation to repay. Parker responded that he would not dispute the May 16 overpayment because the weekly certification "was accidental as a Sunday night habit" but that the Department's records were inaccurate for the remaining weeks. So, Parker appealed the Department's decision to the appeals tribunal.

On January 31, 2022, the appeals tribunal held a hearing. During the hearing, the Department submitted an exhibit showing that Parker answered "no" when asked whether he earned wages for the week of May 10 through May 16. The Department's auditor, Maria Rogers, testified that Parker could have received benefits only if he had certified each week that he did not earn wages and that Parker had never informed the Department that he received the funds in error. Additionally, the human resources manager at MARQ Labs, Linda Amaro, testified that MARQ Labs hired Parker on May 12, 2020, and he earned $1,057.60 per week through June 6, 2020. Parker also admitted to earning wages during that period. The appeals tribunal upheld the overpayment determination of $3,500 and the disqualification of Parker from unemployment payments from October 3, 2021, through April 2, 2022, under Tenn. Code Ann. § 50-7-303(a)(7)[1] due to Parker's fraudulent misrepresentation that he did not earn wages.

Parker appealed the appeals tribunal's decision to the Commissioner's Designee. The Commissioner's Designee rendered an opinion on March 25, 2022, upholding the appeals tribunal's decision and stating that Parker "certified for benefits and received [Tennessee Unemployment Compensation] benefits," that he "was required to report any wages when the wages are earned," and that the Department did not "certify on behalf of the claimant."

Parker then petitioned for judicial review with the Chancery Court for Rutherford County on April 11, 2022. On July 21, 2023, the chancery court held a hearing and, on August 15, 2023, it issued a final order stating "[t]hat there is substantial and material evidence in the record to support the decision of the Commissioner." Parker now appeals the chancery court's ruling and claims that the letter responding to the Department and

---

[1] Tennessee Code Annotated section 50-7-303(a)(7) states that a "claimant shall be disqualified for benefits" as follows:

> For the week or weeks in which the administrator finds that the claimant has made any false or fraudulent representation or intentionally withheld material information for the purpose of obtaining benefits contrary to this chapter and for not less than four (4) nor more than the fifty-two (52) next following weeks, beginning with the week following the week in which the findings were made, as determined by the administrator in each case according to the seriousness of the facts. In addition, the claimant shall remain disqualified from future benefits so long as any portion of the overpayment or interest on the overpayment is still outstanding. In the event an overpayment of benefits results from the application of this disqualifying provision, the overpayment of benefits shall not be chargeable to any employer's account for experience rating purposes.

admitting to the May 16 overpayment should not have been included in the administrative record because it was a settlement offer.

ANALYSIS

We begin our analysis by acknowledging that Parker appealed pro se. This Court has provided the following guidance regarding pro se litigants:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.
>
> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.
>
> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted). Thus, pro se appellants must comply with the briefing requirements in Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Court of Appeals of Tennessee.

Tennessee Rule of Appellate Procedure 27(a) provides that the appellant's brief "shall contain under appropriate headings":

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

    (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

    (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Rule 6 of the Rules of the Court of Appeals of Tennessee states:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Parker's brief is deficient in a number of ways. It contains no table of contents, table of authorities, citations to the record, or statement of the issues presented for review.

Moreover, Parker's brief does not set forth a cogent argument as to how the chancery court erred. As the Tennessee Supreme Court explained,

> to be properly raised on appeal, an issue must be presented in the manner prescribed by Rule 27 of the Tennessee Rules of Appellate Procedure. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012). As this Court explained in *Hodge*, "[r]ather than searching for hidden questions, appellate courts prefer to know immediately what questions they are supposed to answer" and, consequently, "[a]ppellate review is generally limited to the issues that have been presented for review." *Id.* This Court further explained in *Hodge* that an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Rule 27(a)(4). It also may be deemed waived when it has been expressly raised as an issue, but the brief fails to include an argument satisfying the requirements of Rule 27(a)(7). *Id.* at 335. . . . These requirements are not matters of mere formality.

*City of Memphis v. Edwards by & through Edwards*, --- S.W.3d----, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at *2 (Tenn. July 5, 2023).

Parker does not "provide a statement of the alleged erroneous action" of the chancery court, and he does not provide a "statement showing how such alleged error was seasonably called to the attention" of the chancery court. *See* TENN. CT. APP. R. 6(a)–(b). Although Parker's brief seems to state his belief that the letter at issue should not have been included in the record, he does not clearly present an issue for review or properly state an argument for the issue's resolution.

Additionally, Parker's argument section is difficult to understand and includes statements such as, "When Commissioner Designee/Appellees learn of the malfeasance no effort to correct error," and "The Appellant offer to settle letter overpayment weaponized." Parker's argument section lacks a clear description of what he is appealing and why the appeal should be granted. His brief does not contain reasons for his position and does not identify the chancery court's error or how that error was called to the chancery court's attention. For all of these reasons, Parker has failed to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Court of Appeals of Tennessee. Therefore, he has waived his right to appeal any issue, and the appeal is dismissed.

CONCLUSION

This appeal is dismissed. Costs of this appeal are assessed against the appellant, Anthony Parker, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE