

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | |
|---|---|
| **GWENDOLYN COOPER,**<br>    **Employee,** | **Docket No. 2022-07-0255** |
| **v.** | |
| **MADISON HAYWOOD**<br>**DEVELOPMENTAL SERVICES,**<br>**INC.,**<br>    **Employer,** | **State File No. 27959-2022** |
| **and,** | |
| **CAROLINA CAS. INS. CO.,**<br>    **Carrier,** | **Judge Allen Phillips** |
| **and,** | |
| **TROY HALEY, as**<br>**ADMINSTRATOR of**<br>**the BUREAU OF WORKERS'**<br>**COMPENSATION SUBSEQUENT**<br>**INJURY AND VOCATIONAL**<br>**RECOVERY FUND.** | |

## COMPENSATION ORDER

At a compensation hearing on June 17, 2026, Ms. Cooper requested medical and disability benefits for a back injury. Because she did not prove the injury relates to work, the Court denies her claim and dismisses it.

### Claim History

Ms. Cooper alleged she injured her back on December 1, 2021, when lifting a patient. She continued working while seeking treatment from her own physician. Her condition worsened, and she went to an emergency room on March 17, 2022.

At the emergency room, Ms. Cooper said the back pain began "4 weeks ago"

1

and she related it to a lifting incident. The author of the note also described the pain as "chronic." The diagnosis was a lumbar strain, and Ms. Cooper was told to see her primary care provider.

Ms. Cooper then went to an orthopedist on her own before Madison Haywood furnished a panel of physicians. Ms. Cooper chose orthopedic surgeon Dr. Sam Murrell.

Ms. Cooper saw Dr. Murrell in July 2022 and reported back and leg pain. He noted the emergency room records and said the workers' compensation carrier wanted to know if Ms. Cooper's condition was "at least 51% related" to her work. He wrote that Ms. Cooper "indicated to [him] that she never had back pain prior to the injury," however, "further medical records would be helpful" in determining that.

Dr. Murrell diagnosed low-back pain, prescribed medication, and recommended physical therapy. In August, he obtained an MRI and later said it showed only mild degenerative changes but nothing acute. Dr. Murrell was "unable to attribute [Ms. Cooper's condition] to an acute work injury," and he released her as of September 14, 2022, with no impairment.

At his deposition, Dr. Murrell reviewed records from 2016, where a clinic documented Ms. Cooper's complaints of low-back pain after an injury. An examination of her low back at that time was called "abnormal," and a prescription for narcotic pain medication suggested to Dr. Murrell that her pain was "significant." Records from the same clinic in 2017 recorded complaints of "chronic" pain.

Based on his findings and the medical records, Dr. Murrell testified to a reasonable degree of medical certainty that the work incident did not contribute more than 50% to Ms. Cooper's condition. Rather, her condition was degenerative.

At the hearing, Ms. Cooper offered a June 2, 2026 C-32 form completed by Lisa Morris, FNP-C, who said the work incident "more likely than not" caused or aggravated Ms. Cooper's back condition and was a "significant contributing factor to her ongoing need for treatment." Madison Haywood and the Fund objected to the C-32 because it did not meet the statutory requirements for admission. Tenn. Code Ann. § 50-6-235(c) (2025). Specifically, Ms. Cooper did not notify them of the form's intended use within 20 days of the trial, and it did not contain the author's qualifications. They further objected on grounds that a nurse practitioner is not qualified to offer an expert causation opinion.

2

Ms. Cooper also offered unauthenticated medical records from other providers that did not include a causation opinion. Madison Haywood also objected to those.

Ms. Cooper disputed the accuracy of the medical records from 2016 and 2017 that Dr. Murrell relied upon. She also considered herself "75%" permanently disabled and asked for payment of permanent disability benefits. She wanted Madison Haywood to pay her medical bills, mileage to and from her doctor's appointments, and temporary disability benefits from the date of injury through 2024 without explaining that date.

Madison Haywood and the Fund contended Ms. Cooper offered no evidence that her condition arose primarily out of her employment.

**Findings of Fact and Conclusions of Law**

Ms. Cooper decided to represent herself, which is her right. However, the Court cannot excuse her from complying with the same substantive and procedural rules that represented parties must observe. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003). At this compensation hearing, Ms. Cooper bears the burden of proving all elements of her case by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6).

Ms. Cooper must prove her injury arose primarily from her employment at Madison Haywood by showing, to a reasonable degree of medical certainty, that the employment contributed more than 50% in causing her injury. Shown to a reasonable degree of medical certainty" means that, *in the opinion of the physician*, it is "more likely than not considering all causes, as opposed to speculation or possibility." *Id.* § 50-6-102(12)(A)-(D) (Emphasis added).

The only physician's opinion in evidence is Dr. Murrell's opinion that the injury was not more than 50% related to Ms. Cooper's employment at Madison Haywood. Even if Ms. Cooper's C-32 met the statutory requirements for admission, which the defendants properly pointed out it did not, a nurse practitioner is not qualified to give a causation opinion. *Dorsey v. Amazon.com, Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 13, at *9 (May 14, 2015). In the absence of an expert opinion furnishing causation, Ms. Cooper did not show by a preponderance of the evidence that her injury arose out of her employment, and she is not entitled to benefits.

3

**IT IS, THEREFORE, ORDERED** as follows:

1.  Ms. Cooper's claim for benefits is denied, and the case is dismissed with prejudice to refiling.

2.  The Court taxes the $150.00 filing fee to Madison Haywood, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2026) within five business days of this order becoming final, and for which execution might issue.

3.  Madison Haywood shall file a Statistical Data Form (SD2) with the Court Clerk within 10 business days of the date this order becomes final.

4.  Unless appealed, this order becomes final 30 days after entry.

**ENTERED June 22, 2026.**

_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**


## APPENDIX

Exhibits:
1.  Fast Pace Clinic records (Identification only)
2.  Spectrum Pain Clinic records (Identification Only)
3.  Appointment cards, insurance forms and MRI report (Identification Only)
4.  C-32 of Lisa Morris, FNP-C (Identification Only)
5.  Collective medical records (excluding exhibits to Dr. Murrell's deposition)
6.  Ms. Cooper's answers to Fund's discovery requests
7.  Wage Statement
8.  Deposition of Dr. Samuel Murrell
9.  Ms. Cooper's deposition
10. Employer's answers to Fund's discovery requests

4

# CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on June 22, 2026.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Gwendolyn Cooper, Employee | X | X | ██████████████████████ ████████████████ ████████████████████████m |
| Mary Dee Allen, Employer's Attorney | | X | mallen@wimberlylawson.com |
| Timothy Kellum, SIVRF Attorney | | X | timothy.kellum@tn.gov |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

5