IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 2, 2025

## LANGFORD FARMS COMMON FACILITIES ASSOCIATION, INC. V. PAUL A. CLARK

**Appeal from the Chancery Court for Wilson County**
**No. 2024-CV-9      Charles K. Smith, Chancellor**

---

### No. M2024-01038-COA-R3-CV

---

A homeowners' association sued a resident for violations of neighborhood regulations. The resident did not answer requests for admission. The trial court found that the requests were, therefore, admitted and granted a judgment for the association. The resident appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and CARMA DENNIS MCGEE, JJ., joined.

Paul A. Clark, Old Hickory, Tennessee, pro se.

S. Ashton Smith, Nashville, Tennessee, and Janet Strevel Hayes, Knoxville, Tennessee, for the appellee, Langford Farms Common Facilities Association, Inc.

## OPINION

Paul Clark lives in the Langford Farms subdivision in Wilson County and has since February 2016. The property is subject to various covenants, conditions, and restrictions set out in the Declaration of Covenants, Conditions and Restrictions for Langford Farms Common Facilities Association ("the Declaration"), which run with the land and are for the benefit of Langford Farms. Specifically, the complaint of the Langford Farms Common Facilities Association, Inc., ("the Association") states that Mr. Clark is violating the following provisions of the Declaration:

10. Article VI, Section 4 of the Declaration, as amended, provides as follows:

Vehicles shall not be parked on any subdivision street or on any Lot, including the driveway, so as to be visible from the street for periods of more than twenty-four (24) continuous hours or more than seven (7) days in any thirty (30) day period. The term "vehicles" as used herein, shall include, without limitation, motor homes, boats, trailers, motorcycles, scooters, trucks, campers, buses, and automobiles.

11. Article VI, Section 8 provides that:

It shall be the responsibility of each Owner to prevent the development of any unclean, unhealthy, unsightly, or unkempt condition of his or her Lot. No Lot shall be used, in whole or in part, for the storage of any property or thing that will cause such Lot to appear to be in an unclean or untidy condition or that will be obnoxious to the eye;

12. Article VI, Section 9 states specifically that:

The pursuit of hobbies or other activities, including specifically, without limiting the generality of the foregoing, the assembly and disassembly of motor vehicles and other mechanical devices, which might tend to cause disorderly, unsightly, or unkempt conditions, shall not be pursued or undertaken in any part of the Community.

13. Article V, Section 2 of the Declaration states that

All maintenance of the Lot and all structures, parking areas, and other improvements thereon shall be the sole responsibility of the Owner thereof, who shall maintain such Lot in a manner consistent with the Community-Wide Standard and this Declaration...

The complaint sought injunctive relief, relief for breach of contract and enforcement of a lien under Tenn. Code Ann. § 66-27-415.

Mr. Clark filed a two-sentence answer denying all allegations. The Association moved to strike the answer, and the trial court issued an order for Mr. Clark to hire an attorney or the answer "shall be stricken from the record of this case." Subsequently, the Association filed a motion for default stating that no attorney had been hired, the answer had been stricken, and no new answer had been filed. Mr. Clark then filed a document he labeled as an answer, although it still did not meet the procedural rules.

The Association served Mr. Clark with requests for admission, which were not answered, interrogatories and requests for production, which were answered in vague and non-responsive ways, and a request to inspect the property, which was denied. The

Association sought a default judgment against Mr. Clark. A hearing was held on June 17, 2024, and the trial court deemed the unanswered requests for admission as admitted and granted a judgment to the Association.[1]

Mr. Clark appealed, claiming that the trial court erred by deciding the case on a technicality rather than on the merits.

STANDARD OF REVIEW

The review of the findings of fact by a trial court is de novo on the record with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). "Questions of law are reviewed purely de novo with no presumption of correctness." *Trentham v. Mid-America Apartments, LP*, 705 S.W.3d 151, 161 (Tenn. 2025)

ANALYSIS

Mr. Clark represented himself. As a pro se litigant, Mr. Clark is entitled to some leeway in trying to navigate the maze of rules and procedures of our judicial system. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). However, we "must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003). One cannot ignore discovery such as requests for admission without consequences. By ignoring the requests for admission, Mr. Clark admitted everything against him. *See* TENN. R. CIV. P. 36.01. He foreclosed the need for a merits hearing because he admitted all the facts supporting the Association's case.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Mr. Paul A. Clark, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE

---

[1] The trial court decision is not a default judgment. The word "default" is never mentioned in the order. Rather, the trial court ruled that the unanswered requests for admission were admitted pursuant to Tenn. R. Civ. P. 36.01. As the trial court observed, by failing to answer the requests for admission, Mr. Clark admitted all of the allegations against him. Therefore, nothing was left to do but issue the judgment.