IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 13, 2025

## KEITH DESSINGER v. SALLY McIVER

**Appeal from the Circuit Court for Shelby County**
**No. CT-2617-25     Cedrick D. Wooten, Judge**

_____

### No. W2025-01587-COA-T10B-CV

_____

A self-represented petitioner seeks accelerated interlocutory review under Tennessee Supreme Court Rule 10B. Because the filing does not comply with Rule 10B, we dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Appeal as of Right; Appeal Dismissed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Keith Dessinger, Grosse Pointe Park, Michigan, pro se appellant.[1]

### OPINION

Keith Dessinger has filed a "Motion to Accept Rule 10B Appeal Nunc Pro Tunc Under Tenn. R. App. P. 2 and 46 and to Incorporate Existing Mandamus Record." The context behind the filing begins with an application for interlocutory appeal, which Mr. Dessinger filed over the summer. He sought interlocutory review of restrictions placed on his parenting time in another case involving Sally McIver, who is also a party here. After we denied the application, Mr. Dessinger filed a "Notice of Supplemental Rule 10B Filing" under the same appeal number. Order Denying Application, *Dessinger v. McIver*, W2025-00952-COA-R9-CV (Tenn. Ct. App. Jul. 9, 2025). The supplemental filing related to Mr. Dessinger's effort to disqualify Judge Cedrick D. Wooten in this case. Mr. Dessinger appears to have attached the same supplemental filing in this appeal.

_____

[1] Having determined that neither an answer to the petition nor oral argument is necessary, we act summarily on this appeal. TENN. SUP. CT. R. 10B, §§ 2.05, 2.06.

In September 2025, Mr. Dessinger filed a petition for writ of mandamus seeking to compel Judge Wooten to fulfill certain functions in this case, including ruling on Mr. Dessinger's motion to disqualify. Because Judge Wooten had transferred the case to another division of the court, we denied the petition as moot. Order Denying Petition for Writ of Mandamus, *Dessinger v. McIver*, W2025-01435-COA-WRM-CV (Tenn. Ct. App. Oct. 20, 2025).

Rule 10B of the Rules of the Supreme Court of Tennessee governs the procedure for "determin[ing] whether a judge should preside over a case." TENN. SUP. CT. R. 10B. If a trial court judge denies a request for his disqualification or recusal, the denial "can be raised as an issue in an appeal as of right . . . following the entry of the trial court's judgment," or the denial "can be appealed in an accelerated interlocutory appeal as of right." *Id.* § 2.01.

An accelerated appeal is commenced by the filing of "a petition for recusal appeal." *Id.* § 2.02. Beyond containing certain information, the petition must "be accompanied by a copy of the motion [for the judge's disqualification or recusal] and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." *Id.* § 2.03.

Mr. Dessinger's Motion to Accept Rule 10B Appeal satisfies some of the content requirements of a petition for recusal appeal. But it is not accompanied by his motion for disqualification or an order denying the motion. As we have previously stressed, "the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court." *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015). Without such compliance, we cannot meet our obligation to decide the appeal "on an expedited basis." *Id.* (quoting TENN. SUP. CT. R. 10B § 2.06). Providing the order denying the request for disqualification or recusal is essential because the order triggers the right to an accelerated interlocutory appeal under Rule 10B and it is the focus of our review. TENN. SUP. CT. R. 10B § 2.01; *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).

We recognize that Mr. Dessinger is not represented by counsel. Although we "take into account that many pro se litigants have no legal training and little familiarity with the judicial system," we cannot "excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). We also note that Mr. Dessinger has had another Rule 10B accelerated appeal dismissed for lack of an order denying his request to recuse. *McIver v. Dessinger*, No. W2025-00921-COA-T10B-CV, 2025 WL 1806264, at *2 (Tenn. Ct. App. July 1, 2025). Under the circumstances, we

2

conclude that dismissal of the appeal is again required.  *See Blevins v. Green*, No. E2023-00295-COA-T10B-CV, 2023 WL 2398256, at *2 (Tenn. Ct. App. Mar. 8, 2023) (dismissing appeal where "notice of accelerated appeal is not accompanied by any additional documents beyond the trial court's order and an envelope"); *Nisenbaum v. Nisenbaum*, No. M2021-01377-COA-T10B-CV, 2021 WL 5919114, at *1 (Tenn. Ct. App. Dec. 15, 2021) (dismissing appeal when petitioner "did not supply any of the required documents with her petition"); *Cisneros v. Miller*, No. M2016-02426-COA-T10B-CV, 2017 WL 113964, at *2 (Tenn. Ct. App. Jan. 6, 2017) (dismissing appeal because the petition was not accompanied by the motion for recusal filed in the trial court).


       s/ W. Neal McBrayer       
W. NEAL MCBRAYER, JUDGE