IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 21, 2026

## KEVIN MATTHEW WOODRUFF V. JESSICA ANN WOODRUFF

**Appeal from the Circuit Court for Montgomery County**
**No. CC23-CV-609  Kathryn Wall Olita, Judge**

———————————————————

### No. M2026-00759-COA-T10B-CV

———————————————————

This is an accelerated interlocutory appeal as of right filed pursuant to Tennessee Supreme Court Rule 10B. Because Appellant failed to provide this Court with a copy of the motion to recuse filed in the trial court, the appeal is dismissed.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., C. J., and KRISTI M. DAVIS, J., joined.

Jessica Ann Woodruff, Antioch, Tennessee, Pro se.

James Roberts Potter, Clarksville, Tennessee, for the appellee, Kevin Matthew Woodruff.

### MEMORANDUM OPINION[1]

### I.

The underlying matter involves a dispute over custody between Petitioner Kevin Matthew Woodruff and Respondent/Appellant Jessica Ann Woodruff ("Appellant") before

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the Montgomery County Circuit Court ("the trial court"). On January 22, 2026, the trial court entered a final order in the matter, and on February 10, 2026, Appellant filed an appeal of the final judgment under Rule 3 of the Tennessee Rules of Appellate Procedure. *See Woodruff v. Woodruff*, M2026-00254-COA-R3-CV. According to Appellant, however, following the filing of the notice of appeal, disputes arose concerning the preparation of the record, enforcement of child support, fee issues, and other post-judgment issues.[2]

As a result, Appellant asserts that she filed a verified motion to recuse the trial court judge on or about April 17, 2026, citing the trial court judge's "cumulative pattern of rulings, docket handling, record barriers, evidence restrictions, unequal enforcement, fee barriers, refusal to transfer venue, and post-judgment procedural rulings" that "create[] an appearance that the trial court's impartiality might reasonably be questioned."

The trial court judge denied the motion to recuse by order of May 4, 2026. Therein, the trial court judge noted the following: (1) the underlying action was fully adjudicated and all substantive matters were fully resolved by the trial court's January 22, 2026 order; (2) to the extent that the trial court was required to rule on procedural motions related to the preparation of the record, the record had been maintained and prepared in accordance with the law, which action was purely administrative and done by the Circuit Court Clerk's office, rather than at the trial court's direction; and (3) the rulings on two post-judgment matters—regarding the payment of expenses and attorney's fees on behalf of Appellant due to her indigence—also had nothing to do with the substance of the matter and were entered without the trial court's knowledge that a recusal motion had been filed.[3] The trial court judge therefore ruled that there was nothing before the court from which recusal would be necessary and that Appellant's issues are properly before this Court in her appeal from the final judgment. From this order, Appellant now appeals.

**II.**

Based on our review of Appellant's petition for recusal appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal. *See* Tenn. Sup. Ct. R. 10B, §§ 2.05 (providing that the appellate court may act summarily on the appeal if it determines that no answer is needed), 2.06 (providing that the accelerated interlocutory appeal shall be decided on an expedited basis and, in the court's discretion, without oral argument).

---

[2] On March 13, 2026, Appellant asked for a stay of any remaining trial court proceedings in her Rule 3 appeal. We denied Appellant's request by order of March 20, 2026. On May 1, 2026, we also denied a motion by Appellant concerning the preparation of the record. We ruled that "[a]ny questions concerning the content of the record shall be submitted to and settled by the trial court." The Tennessee Supreme Court likewise denied a request for a stay and for "record/transcript relief" by order of May 18, 2026.

[3] The trial court explained that Appellant did not set her motion to recuse for hearing and did not inform the trial court of the motion to recuse.

Rule 10B of the Rules of the Supreme Court of the State of Tennessee governs the procedure for determining "whether a judge should preside over a case." Tenn. Sup. Ct. R. 10B. Before we consider the merits of Appellant's appeal, we look to Rule 10B's procedural requirements. A party seeking disqualification of a trial judge must "do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal." Tenn. R. Sup. Ct. 10B, § 1.01. "The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." *Id.* In addition to stating with specificity the factual and legal basis for recusal, the motion "shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.*

Once a trial court denies a recusal motion, the trial court's ruling may be raised as an issue in an appeal as of right from the court's final judgment or appealed directly in an accelerated interlocutory appeal as of right. Tenn. Sup. Ct. R. 10B, § 2.01. Rule 10B specifies that, in addition to containing certain substantive elements, a petition for an accelerated interlocutory recusal appeal "shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03.

Generally, the only record available to this Court in reviewing expedited recusal appeals is that provided by the appellant alongside his or her petition. *See* **Trigg v. Trigg**, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, at *2 (Tenn. Ct. App. Apr. 27, 2016). We have consistently stressed that "the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court[.]" **Elliott v. Elliott**, No. E2012-02448-COA-T10B-CV, 2012 WL 5990268, at *3 (Tenn. Ct. App. Nov. 30, 2012); *see also* **Johnston v. Johnston**, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015) (noting that "it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance"). Here, deficiencies in the record included with Appellant's petition for recusal appeal prevent this Court from meeting our obligation to decide this appeal on an expedited basis.

First, Appellant's petition does not include a copy of the motion for recusal filed in the trial court. In this case, the record provided to this Court by Appellant consists of a variety of documents including (1) "Petition for Recusal Appeal under Tennessee Supreme Court Rule 10B"; (2) "Verified Petition For Recusal Appeal Under Tennessee Supreme Court Rule 10B; Motion To Open Or Relate Rule 10B Docket; And Motion To Stay Or Reassign All Further Non-Ministerial Trial-Court Action Pending Recusal Review"; (3) "Petition For Accelerated Interlocutory Appeal Pursuant To Tennessee Supreme Court

Rule 10B"; (4) "Attachment To Rule 10B Recusal Petition Contradiction And Procedural-Irregularity Matrix"; (5) a sworn affidavit; and (6) a document containing several exhibits. Importantly, two of the above documents contain tables of attached exhibits. Listed as Exhibit B in the table contained in one filing is "Verified Rule 10B motion filed April 17, 2026, including verification/declaration and proposed order."[4] Exhibit B in the attached exhibits, however, is captioned as "March 9, 2026 Order Regarding Pro Se Motions." And our review reflects that Appellant failed to provide this Court with a copy of the motion to recuse filed in the trial court elsewhere in the panoply of documents filed in this matter.[5] Clearly, Appellant has therefore failed to comply with the mandatory requirements of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.03 (requiring that a petition for recusal appeal be accompanied by a copy of the motion to recuse filed in the trial court).

As a result, we have no means of knowing what allegations Appellant raised in the trial court, let alone whether they constituted sufficient grounds for disqualification. *See* ***Cisneros v. Miller***, No. M2016-02426-COA-T10B-CV, 2017 WL 113964 (Tenn. Ct. App. Jan. 6, 2017) (dismissing appeal where recusal petition was not accompanied by a copy of the motion for recusal); ***Blevins v. Green***, No. E2023-00295-COA-T10B-CV, 2023 WL 2398256 (Tenn. Ct. App. Mar. 8, 2023) (dismissing appeal where recusal petition only contained the order denying the motion for recusal and not the motion itself). Indeed, even the trial court's order, which focuses primarily on the procedural posture of the case, provides this Court with little illumination of what specific allegations were raised in Appellant's recusal motion.

Moreover, without a copy of the recusal motion, we are unable to determine whether the motion was accompanied by an affidavit or declaration under penalty of perjury that the allegations therein were made upon Appellant's personal knowledge and an affirmative statement that the motion was not made for an improper purpose.[6] Inclusion of these documents is mandatory, and "[w]hen a petitioner fails to support a motion with this mandatory affidavit or declaration under penalty of perjury, we have repeatedly held that the request for recusal was waived." ***Moncier v. Wheeler***, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *3 (Tenn. Ct. App. July 28, 2020) (collecting cases). Thus, when the record on interlocutory appeal is "procedurally flawed" by the petitioner's failure to include a sworn affidavit or declaration under penalty of perjury in support of the motion to recuse, "the record is insufficient to determine the issues raised" in the appeal. ***Childress v. United Parcel Serv., Inc.***, No. W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *3 (Tenn. Ct. App. June 3, 2016).

---

[4] Exhibit B in the other document also refers to a verified motion.

[5] The actual exhibits number one fewer document than those listed in the table contained in the initiating petition.

[6] In the affidavit accompanying her petition for recusal appeal, Appellant asserts that her motion "was supported by a sworn declaration setting forth specific facts showing why I believed the judge's impartiality might reasonably be questioned."

We acknowledge that Appellant is proceeding pro se in this appeal. As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Therefore, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." *Gilliam v. Gilliam*, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing *Hessmer*, 138 S.W.3d at 903). Appellant's pro se status does not relieve her of the obligation to comport with the requirements set out in Rule 10B. Here, Appellant's failure to comply with these mandatory procedural requirements has created a record that prevents this Court from meeting our obligation to review this appeal on an expedited basis.[7] *Cf. In re Isaiah M.*, No. E2026-00053-COA-T10B-CV, 2026 WL 555579, at *2 (Tenn. Ct. App. Feb. 27, 2026) (dismissing the petitioner's Rule 10B interlocutory appeal but indicating that the petitioner may be permitted to raise issues concerning her most recent effort to recuse the trial court judge post-final judgment in her pending Rule 3 appeal).

### III. CONCLUSION

This appeal is dismissed, and the matter is remanded to the trial court for further proceedings. Costs of this appeal are taxed to Appellant, Jessica Ann Woodruff, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[7] Appellant's request for a stay against further action on this case by the trial court pending this appeal is therefore denied.